CRANSTON AND ANOTHER *against* THE EXECUTORS OF KENNY.

<div style="float:left">Where a cause is submitted to arbitration, without a rule of court; this court will not interfere to set aside the award; nor if made a rule of court, will the award be set aside unless for corruption or misconduct.</div>

ANTHON, for the defendants, moved to set aside the *award* of the arbitrators in this case, which had been submitted to arbitration; but without any rule or order of the court. He stated the ground of the application to be, that the arbitrators had mistaken the law; and he contended that this court had a right to interfere and set aside the award in such a case. He cited 2 *Vesey,* 18.    2 *Bos. & Bull.* 375.  2 *Vern.* 705.   *Burr.* 1257.   3 *East,* 13.   *Lawrence,* J.   *Barlow* v. *Todd,* 3 *Johns. Rep.* 367.   *Newland* v. *Douglas,* 2 *Johns. Rep.* 62.

*Slosson* and *Garr,* contra, insisted that this court had no power to interfere and set aside an award, unless for the misconduct, or corruption, of the arbitrators. They cited *Tidd,* 762.   3 *Atk.*

529.  3 *Burr.* 1258.  *Newland* v. *Douglas,* 2 *Johns. Rep.* 62.
*Barlow* v. *Todd,* 3 *Johns. Rep.* 367.  2 *Wils.* 148.  1 *Johns.*
*Rep.* 315. 492.

SPENCER, J. delivered the opinion of the court. This case was submitted to arbitrators, by the parties, without any rule or order of the court, and their award is now attempted to be set aside, on the ground that the arbitrators have decided contrary to law.

This application struck me, as singular, but the defendants' counsel insisted that the cases he cited bore out the application. I have examined all of them, and they are inapplicable to this case.

In the case of *Newland* v. *Douglas,* (2 *Johns. Rep.* 62.) this court decided that proof of a mistake of arbitrators was inadmissible at law, and that the court of chancery alone could correct a palpable mistake of arbitrators; and in *Barlow* v. *Todd,* (3 *Johns. Rep.* 367.) we held that the awards of arbitrators are not examinable in a court of law, unless the condition is to be made a rule of court, and then only for corruption, or gross partiality. Under the statute, and where the submission is agreed to be made a rule of court, power is given to the courts of common law jurisdiction, to set aside any arbitration, or umpirage, procured by corruption or undue means; and this is the limit of the authority of those courts. To justify, or authorize an interference, there must be corruption, or undue means used, in procuring the award.

If there has been a plain mistake committed by the arbitrators, the relief lies only in equity. (3 *Atk.* 494. 694.)

The cases cited by the defendants' counsel, are those where applications have been made to set aside the report or award of an arbitrator, appointed under a special rule in such case. They do not, therefore, touch the point raised in this cause; but even in such case, the court of king's bench refused to interfere, unless the award was so notoriously against justice, and his duty, as an arbitrator, that misconduct in the arbitrator could be inferred. (13 *East,* 357.)

Motion denied.