Per Curiam.

The decision of the judge at the trial, upon the points of law, was correct. Parol proof that the defendant was state printer, and president of the Mechanics’ Bank, was admissible. Those facts were only inducement, and introduced as collateral matter, and not as matter in issue; and the practice is not /to require such strict technical proof, as if they were facts in issue. It is every day’s practice to give parol proof, in such cases, of matters of fact, susceptible, even, of proof of the most solemn kind. The proof of the publication, by the defendant, ivas, also, prima facie, sufficient. It went to prove that the defendant had a printing-office, and that the Ontario Messenger was printed there, and that the paper produced was of the type of that office; and it was printed in the name of the defendant. The witness who testified to this was a printer, and printers know a newspaper by the type, and can generally ascertain the source of a publication from that circumstance. .The criticism on the variance between the title of the paper produced, and the paper declared on, cannot prevail, for there was no variance; the article “ the” maybe .considered as no part of the description of the title, but as merely introductory to it. (a)
The ground of the motion on account of excessiveness of damages equally fails. It was for the jury to determine how far the ridicule of the plaintiff was malevolent, and calculated to injure his feelings, or prejudice him in the eyes of the public. After the principles laid down on this question, in the case of Coleman v. Southwick, (9 Johns. Rep. 45.) there does not appear any reasonable ground for interference on this point.
The motion on the part of the defendant is denied.
Motion denied,

 See Lewis v. Few, 5 Johns. Rep. 1.