Judge Marshall
delivered the Opinion of the Court.
This was an action of detinue, brought by Sally Johnson against J. H. Lemon, for the recovery of two female slaves; and the only question to be considered by this Court, is’whether the Circuit Court erred in rejecting evidence by which the defendant in the action attempted to] prove that the plaintiff had sold the slaves sued for.
It appears fpom the bill of exceptions, that one of the defendant’s witnesses having stated that a certain N. C. Ross, in his lifetime, and before his removal to Missouri, had sold the slaves in contest to John Beeler, he introduced another witness, who stated that the same slaves were sold by the plaintiff to N. C. Ross, and that the negroes were then present. On cross examination, he stated that this sale was evidenced by a bill of sale; and the defendant then proved that Ross had removed *400 to the State of Missouri, and there died. Whereupon, the Court, on motion of the plaintiff, excluded the statement of the sale from her to Moss, because the non-production of the bill of sale was not sufficiently accounted for.
When the sale of slaves was by a written memorial, or bill of sale, that is the better evidence of the fact, and parol proof of the sale is inadmissible — unless it appears that the paper is not within the power or reach of the party. If it has ever been in his possession, he is bound to
The bill of exceptions presents no other evidence but. that which is above stated; and as it is easy to conceive that the case rriight have been such as that the plaintiff would have been entitled to recover, notwithstanding she may, at some period, have sold the slaves sued for, we might, upon the principle which requires every reasonable presumption to be indulged in favor of the opinion of the Circuit Court acting as a common law tribunal, presume that the sale was immaterial, and that the rejection of the evidence was proper on that ground. But, as the Court gave a particular reason for its rejection, which implies that competent proof of the sale would have been material, and as this is, also, impliedly admitted in the argument of the counsel for the defendant in error, who made the question in the Court below —we feel at liberty to dispose of the question as if it apappeared from an express statement of the bill of exceptions, or from a full statement of the evidence, that proof of the sale would have defeated the action, and that the opinion of the Court could be supported on-i ly on the ground that the testimony offered, being in parol, was incompetent to prove a sale evidenced by writing, unless the writing was beyond the reach of the party, and that this was not sufficiently shown.
The incompetency of parol evidence in such a case, unless it appear that the writing was not within the power or reach of the party, is well settled; and the only question is, whether the non-production of the bill of sale on the trial of this case, is sufficiently accounted for. If it had ever been in the possession or control of the party who offered the evidence, he would undoubtedly have been bound to show, with reasonable certainty, what had become of it, or at least to make out satisfactorily, how he had lost the power of producing it, or of tracing it so as to compel its production, or to show that its production could not be coerced. But as he never *401 had either the actual control of the paper, or the right to control it, and as he had no peculiar means or right of knowing where it was,- more than the other party had, and as it does not even appear that there was any privity between him and the vendee by the bill of sale, all that seems to be necessary, under the rule which requires the production of the best evidence within the the power of the party, is that he shall show that hé does not know where the paper is, or that he shall make out, with such certainty as may be in his power, that, by reason of its loss, destruction, or removal from the State, he cannot, by means of the process of the Court, coerce its production. And if, in such a case, he makes out prima facie or presumptive proof that the paper, if in existence, has been taken from the State, it would seem that, in the absence of all other or countervailing proof, and of any presumption that the writing is or has been in his power, he should be permitted to use the inferior grade of evidence. We are of opinion that the subsidiary proof presented in this case, was sufficient to authorize the presumption that Ross, to whom the bill of sale was made, and who, therefore, was the proprietor and only proprietor of it, and who alone, so far as appears, or is to be presumed, had the possession or a right to the possession of it, carried it with him to the State of Missouri, if it was in existence when he removed from Kentucky. And,,as there is no ground for presuming that the defendant who offered the proof, ever had possession or control of the paper, or knew or had any peculiar means of knowing, or was bound to know, more about it than that it was executed to Ross, who had removed &c., there was no necessity for an express denial or disproof of such knowledge on his part, and no reason for requiring further proof from him, to show that he was not attempting to use an inferior grade of evidence, while he kept back, or failed to produce, a superior grade which he could have introduced.
The Court erred, therefore, in excluding the parol evidence of the sale. If, upon the admission of such evidence, the terms of the sale had been incorrectly stated, and the plaintiff had been surprised and unable to pro *402 duce counter evidence on that trial, her remedy would have been by motion for a new trial. But the bill of sa]e' not having been in the power of the defendant, unless he could prove the sale by parol, he would have been remediless.
Wherefore, for the error of excluding the parol evidence of the sale from the plaintiff to Ross, the judgment is reversed, and the cause remanded, that a new trial may be had, on principles not inconsistent with this opinion.