The opinion of the Court was delivered by
Whitner, J.
This was an action founded on an alleged libel, published in a newspaper in the form of an obituary, the lady announced q.s dead being yet living, and the next door neighbor of the defendant. The residence and name are truly given, though the age was greatly exaggerated. The communication was made as though coming from one known in the same parish, whose participation it seems was not even pretended, the whole being traced to the defendant. The presiding Judge held the writing to be a libel, if conceived and published falsely and maliciously. This question has been settled by *315 the jury, together with other facts necessary to the maintenance of the action, against the defendant, and his first motion in this Court is to arrest the judgment, “ because the writing declared on is not a libel.”
Eminent jurists, it has been said, have declared they had not been able to find a satisfactory definition of a libel. “ It seemeth that a libel, in a strict sense, is taken for a malicious defamation, expressed either in printing or writing, and tending either to blacken the memory of one who is dead, or the reputation of one who is alive, and to expose him to publie hatred, contempt, or ridicule.” Hawk. P. C. Ch. 73, s. 1.
This definition has long been familiar to the ears of the profession, and any case falling'within its range will be universally regarded as well sustained. In my investigations on this subject, I find these elements discussed and variously applied. Mr. Hamilton, in a learned argument before the Court in New York, “ventured with diffidence,” after-alluding to the embarrassment of Lord Camden, to submit the following definition: “ A libel is a censorious or ridiculing writing, picture, or sign, made with a mischievous and malicious intent towards government, magistrates, or individuals.” People vs. Croswell, 3 Johns. Cases, 354. This definition is subsequently approved and adopted by the Court. 9 Johns. 214.
¡ The principle on which such actions is sustained, is rather narrowly laid down, by not observing the distinction which obtains between written and oral slander. Notwithstanding the hesitation expressed by Mansfield, C. J., in Thorley vs. Kerry, 4 Taunt. 355, he admits it was then too late to deny the difference having been recognized long before. In Villers vs. Monsley, 2 Wils. 403, Bathurst, J., held, that writing and publishing any thing of a man that rendered him ridiculous, is a libel, and actionable. In Bell vs. Stone, 1 B. & P. 331, written words of contumely were held to be actionable. In Cook vs. Ward, 6 Bing. 409, in which' a verdict had been rendered for the plaintiff, Serj. Jones moved in arrest of *316 judgment, because there was nothing in the alleged libel calculated to injure the plaintiff, or even to make him the object of ridicule. The production complained of was a dull joke, intended, no doubt, as was admitted, to raise a laugh, an effect which by the way it was proved to have produced. The case is instructive on the point under consideration, and the verdict was sustained, because of the tendency of this writing to render the plaintiff ridiculous, and notwithstanding its ludicrous character, the additional proof of the consequences was held admissible, as at once identifying the subject of the libel, and showing the necessary result from its publication. In Steele vs. Southwick, 9 Johns. 212, to publish malicously of one that he had testified with levity, was held to he cause of action; for although, says the judge, the words do not import perjury in a legal sense, the view was doubtless to hold the individual up to contempt and ridicule, and the Court in their judgment say, that Villers vs. Monsly, 2 Wils. 403, asserts a doctrine founded in law, justice, and sound policy.
I think the case of Southwick vs. Stevens, 10 Johns. 443, still more to the point. The writing might well be denominated a piece of sarcastic irony. A verdict was rendered for plaintiff in that case., The publication was of the following import: “ It is with unfeigned grief we inform our readers, that South-wick, late editor of the Albany Register, has become insane; the progress of his malady has been observed for some time past; and at length, much to the regret of his friends and his adversaries, it has resulted in a confirmed lunacy,” &c. This was held by the Circuit Judge, “though merely ironical, yet as holding up the plaintiff in a ridiculous point of light, and in that view it was libellous.” In was in vain that the counsel for the defendant urged before the Appellate Tribunal, that the matter set forth as a libel was so innocent and harmless, that it could not be deemed a libel, especially under the circumstances, and when published of the printer of a newspaper. The ruling of the Judge was sustained by the entire Court. *317 Such authorities, I presume, might he greatly multiplied. I will only add references to Lake vs. King, 1 Saun. 120, 131; Bradley vs. Methwyn, 2 Sel. N. P. 1062, note 2; and Cropp vs. Tilney, 3 Salk. 225. In the last case, Holt, C. J., says: “Scandalous matter is not necessary to make a libel; it is enough if the defendant induces an ill opinion to be had of the plaintiff, or to make him contemptible and ridiculous.”
It remains only to inquire, whether the publication in question does hold up the plaintiff “ to public hatred, contempt, or ridicule.”
In the judgment of this Court, such a notice in the public gazettes was well calculated to subject one, under such circumstances, to ridicule; was intended and calculated to impair this lady in the enjoyment of society, and to throw a contempt on her which might affect her general comfort. Such, I think, is the ready response of every bosom, and to allow the press to be the vehicle of such malicious ridicule of private persons, and yet the offender escape with impunity, would shock the moral sense and vitiate the moral taste of the community. According to the rule established, by the cases referred to, the publication being false and malicious, was libellous and sufficient to maintain the action.
In reference to the ground submitted for a new trial, it is unnecessary to consider the point raised. The brief informs us that the writings in question were not exhibited to the jury in argument, nor were they before them in their deliberations.
The motion in arrest of judgment and for a new trial is dismissed.
O’Neall, Ward law, Withers and Glover, JJ., concurred.

Motion dismissed.