## FLETCHER v. HUBBARD.

The corruption or misconduct of arbitrators can not be pleaded in a suit at law, but may be the ground of setting aside an award upon motion when the award is returnable to court, and upon a bill in equity in other cases.

ASSUMPSIT. There was a plea of an award and performance thereof, a replication of corruption, gross partiality and misconduct of the arbitrators, and a demurrer to the replication.

*Cushing*, for the defendant.

*Wheeler & Faulkner*, for the plaintiff.

DOE, J. Misconduct of arbitrators is not the subject of a plea, but only a ground to apply to the court to set aside the award. This may be done upon motion, when the award is returnable to court, and upon a bill in equity in other cases. *Page* v. *Pendergast*, 2 N. H. 233, 235; *Adams* v. *Adams*, 8 N. H. 82; *Bassett* v. *Harkness*, 9 N. H. 164; *Rand* v. *Redington*, 13 N. H. 72; *Bean* v. *Wendell*, 22 N. H. 582; *Tracey* v. *Herrick*, 25 N. H. 381; *Cranston* v. *Kenney*, 9 Johns. 212; *Jackson* v. *Ambler*, 14 Johns. 96; *Braddick* v. *Thompson*, 8 East 344; Kyd on Awards 327; Billing on Awards 175, 283; Watson on Arbitration 269, 369.

A different doctrine may necessarily prevail where the equity powers of the court are not sufficiently extensive to deal with awards thus summarily. *Brown* v. *Bellows*, 4 Pick. 179, 192, note; *Bean* v. *Farnum*, 6 Pick. 269; *Strong* v. *Strong*, 9 Cush. 560.

*Demurrer sustained.*