The opinion of the Court was drawn up by
Walton, J.
When the question to be determined is whether a person has conveyed away his property with the fraudulent design of avoiding the payment of his debts, very little if any aid can be derived from an inspection of the written instruments of conveyance. Such writings are often made for the very purpose of concealing the fraud, and, if produced, would tend to aid rather than detect it. A searching cross-examination of the guilty parties is one of the most efficient modes of unveiling such transactions, and the evidence thus obtained is often sufficient to establish the fraud.
It is always important to show that the accused party has so disposed of his property that the party defrauded cannot secure his demand by attachment; for it could hardly be believed that a person intended to cheat another out of his debt, if he should continue openly to own attachable property sufficient to secure it. And when it can be shown that he has disposed of it in a way that an honest man desirous of paying his debts would not dispose of his property, the fraudulent intent is established.
When it can be shown that a party has disposed of all his attachable property, some progress has been made in establishing such a fraud. If in addition to this it can be shown *576 that it has been 'disposed of to a relative, the evidence is strengthened, for experience shows that such transfers are oftener made to relatives than strangers. If it can be shown that property which could readily be disposed of for cash has been sold on credit, especially if it be a long credit, and negotiable paper taken so that the credits could not be reached by. trustee process; or if after a pretended sale the seller retains the possession and continues to use the property as before; or if the pretended purchaser is so situated that he would not be likely to want the property, or is unable to pay for it; or if it can be shown that notes given for the property have been deposited in the hands of some third person friendly to both the pretended seller and buyer, showing an intention that they should not be collected; or if the deeds or other instruments of conveyance can be shown to bear false dates, so as not to disclose the true dates of the transactions; these and other similar circumstances will very much, strengthen the evidence of fraud; and circumstances, of but little importance when considered separately, may be so multiplied, that in the aggregate, they leave no doubt of the fact.
And if parties to such fraudulent conveyances, by such an evasive answer as was interposed in this case, which neither admits nor denies the existence of a conveyance in' writing or otherwise, but is hypothetical and equivocal, namely, "that if any such conveyance was made, it was by deed,” can shut out all further inquiry, so that it cannot be ascertained even when or to whom such conveyances, if any, were made, unless the writings themselves are produced, the means of detecting and preventing such frauds will be very much restricted. To summon all the parties supposed to have possession of such instruments would be exceedingly expensive, inconvenient, and hazardous; for, after all, it might turn out that the wrong parties had been summoned and the right ones left at home; and it is not likely that those who were thus aiding a fraudulent debtor *577 would, make any disclosures in aid of his creditors till obliged to.
In Keene v. Meade, 3 Pet., 1, the Court say, "it cannot be laid down as a universal rule that, where written evidence of a fact exists, all parol evidence of the same fact must be excluded;” and in Mumford v. Bowne, 1 Anthon, (N. Y.,) 40, the rule is laid down that "parol evidence of the contents of papers relating to facts collateral to the issue is sufficient ;” also in Lowry v. Pinson, 2 Bailey, 324. Thus in Whitefleld v. Brand, 16 Eng. Law J., a witness was allowed to testify that,he had agreed to sell goods on commission, although the agreement had been reduced to writing; and in Robinson v. Tipton, 31 Ala., 595, "that W. sold him the land for §2000,” without producing the written evidence of the sale, or accounting for its absence ; and in Sanders v. Stokes, 30 Ala., 432, to a sale of chattels, though a written bill of sale was made and accepted at the time; same in Blood v. Harrington, 8 Pick., 552 ; in Thompson v. Mapp, 6 Geo., 260, to a sale of personal property, and the time when it was made, notwithstanding the contract was reduced to writing; in Waller v. Cralle, 8 B. Mon., 11, to the contents of papers executed to a third person residing out of the State; in Ralph v. Brown, 3 Watts and Serg., 395, because the papers were in the hands of a person who could not be reached by process of Court; same in Brown v. Wood, 19 Miss., 475; Bridge Co. v. Shannon, 1 Gilman, 15; Lemon v. Johnson, 6 Dana, 399; in Tucker v. Welsh, 17 Mass., 160, a copy of a mortgage deed was admitted in evidence on the question whether the mortgager had assigned an insurance policy to defraud his creditors, and Chief Justice Parker, in delivering the opinion of the Court, (page 165,) says, the conveyance might have been proved by parol, for the purpose for which the copy was used; that it was produced to prove a collateral fact; that the original was not in the possession of the party producing the copy, and he had no control over it, &c.; and in Ayers v. Hewett, 19 Maine, 281, a bill of sale was admitted in evidence with *578 out calling the subscribing witness, because it related to a fact collateral to the issue; and it is quite apparent from the opinion of the Court that the sale was in the first instance proved by parol; for the Court say, "the writing was produced by the witness at the suggestion of the defendant, as corroborative of Ms testimony, or to enable the adverse party to determine whether it was in conformity to the evidence contained in the writing.” The bill of sale could not have been "corroborative of the witness’ testimony,” nor could his testimony have been "in conformity to the evidence contained in the writing,” unless he had testified to the facts evidenced by the writing.
In respect to the case now under consideration it will be observed that, if there was any such deed of conveyance as. the answer of the witness would seem to intimate, the plaintiffs were not parties to it; that it was in the hands of a stranger residing out of the State; that so far as appears the plaintiffs had no previous knowledge of its existence, and were only inquiring generally after such conveyances as a person intending to defraud his creditors would be likely to make; that the inquiry was upon cross-examination of the accused party, and related to a fact collateral to the main issue, and admissible only upon the question of intention.
We are of opinion that the question propounded to the witness was proper, and ought to have been answered.

Exceptions sustained,

Verdict set aside,

JSTew trial granted.

Appleton, C. J., Rice, Cutting and Kent, JJ., concurred.
Davis, J.
The general rule is, that oral evidence cannot be substituted for a written instrument. Mr. Greenleae states an exception to this rule, "when the writing is collateral to the question in issue.” 1 Greenl. Ev., § 89. In nearly all the cases cited by him to support the proposition, *579 the writing was presumed to be within the control of the other party, and the nature of the action such as to amount to a notice to produce it; and not being produced, oral evidence was admitted.
There are some cases in which the admission of such evidence is justified on the ground that it related to a matter collateral to the issue. Southwick v. Stevens, 10 Johns., 443; McFadden v. Kingsbury, 11 Wend., 667. But it by no means follows that such evidence is always admissible when collateral. On the contrary, there are numerous cases, in almost every State,, in which oral evidence of letters, and other writings, has been excluded, though relating to the intention of the parties, the credit to be given to the wit-messes, or to some other merely collateral question. And the general rule is rarely departed from, that no evidence is admissible which indicates the existence of evidence of the same fact, of a higher or better nature.
But I concur in the result to which my associates have come in this case, for the following reasons.
It does not appear that the question excluded related to real estate. By its terms it might have had reference to a conveyance of personal property. The latter may be conveyed by parol; the former can be conveyed by deed only, and therefore the fact cannot exist except by the deed. It is impossible to prove such a conveyance except by proving a deed. If personal property is sold by a deed, the fact could be proved without any evidence of a deed, though generally such evidence would not be admissible. But to prove a sale of real estate, there must be evidence of a deed. And therefore, though it relates to a matter entirely collateral, the deed itself must be produced. Hoitt v. Moulton, 2 Foster, (N. H.,) 586. In this State, even office copies are not admissible. Hutchinson v. Chadbourne, 35 Maine, 189. And, in those cases where secondary evidence is admissible, it must be the best kind of such evidence of ■which the case admits. Thus, if the plaintiff undertakes to prove fraudulent sales of real estate by the defendant, if *580 secondary evidence is admissible, which is denied in this State, it must be proved, not by oral testimony, but by office copies. Blanchard v. Young, 11 Cush., 341; Pierce v. Gray, 7 Gray, 67.
But the question excluded in this case not only might have related to a convteyance of personal property, if the conveyance was by deed, it did not call for any evidence of its contents. It did not relate to the property in controversy ; it was not an inquiry about any particular property. The object was not to show title in any one, but to prove, by sales of other property, to a relative, at about the same time, an intent of the defendant, generally, to put his property beyond the reach of his creditors. The particular kind of conveyance, or its validity, or sufficiency, was not of any importance ; nor was any inquiry made in regard to those matters. I think a general question of that kind was admissible. A general statement of a fact of which there is written evidence may sometimes be admitted, when a detailed account of the contents of the writing would be excluded. Taylor v. Carpenter, 2 Woodbury & Minot, 1.