"GEORGE, THE COUNT JOANNES" *vs.* WILLIAM L. BURT.

No action lies for orally imputing insanity to the plaintiff, without the averment of special damage.

A declaration is demurrable, under Gen. Sts. *c.* 129, §§ 2, 11, 12, as containing superfluous, impertinent and scandalous allegations, which, besides setting forth that the defendant imputed insanity to the plaintiff, while arguing as a counsellor at law a case to the jury in which the plaintiff was a party, states in detail numerous occupations of the plaintiff, with an advertisement annexed of his orations and discourses; the occupation of the defendant; the political creed of both parties; and the fact that in several public orations the plaintiff has denounced the creed of the political party to which the defendant belongs as traitorous, and thereby made that party enemies of the plaintiff.

TORT brought in the name of " George, the Count Joannes," seeking to recover damages of the defendant for slander. The declaration was as follows :

"*First Count.* And now comes the plaintiff, and avers and declares that he is by professional vocations a public author of historical and other literary works, and a public lecturer, and public oratorical illustrator of the Sacred Scriptures, and the works of Shakspeare, for reputation, income, profits and emoluments, as exemplified by the annexed Exhibit A;* and also special attorney, counsellor and advocate, practising by special authority, and by the laws, in the supreme judicial court and the superior court of Massachusetts, also, for reputation, income, profits and emoluments ; and in any and all of said intellectual employments the unimpaired reason and the reasoning powers of plaintiff are a condition precedent for plaintiff's said public employments; their continuance ; and for his reputation, his income, profits and emoluments. And the plaintiff further avers and declares that the defendant is an attorney and counsellor at law of Massachusetts, and a justice of the peace

---

* This was a printed circular, addressed " to committees of Lyceums, &c.," stating in detail the " Public Orations and Discourses, written and pronounced in Europe and America by ' George Jones,' the Count Joannes, Imperial Count Palatine," and offering to pronounce them in the New England States for one hundred dollars each, and his travelling expenses, and giving a list of gentlemen who had signed letters of invitation to him.

for the county of Suffolk, of great practice in his legal profession, and learned in the law, and of enlarged influence in public and in society. And the plaintiff further avers and says that defendant is an avowed enemy of the plaintiff upon a vital question of this republic. The treasonable motto of defendant's political and abolition creed, to wit: 'The Constitution of the United States is a compact with Hell,'. plaintiff has denounced in three public orations at Faneuil Hall, Boston, (and before several thousands of his fellow-citizens,) as traitorous to the constitution, and to the government of this republic; and thence the abolitionists are the avowed and malicious enemies of plaintiff; and of which abolitionists the defendant is one, and a public supporter of that ultra and sanguinary creed. And the plaintiff further says that the defendant, at Boston, in the county of Suffolk, on or about the fifth day of February, A. D. one thousand eight hundred and sixty-two, and in the presence and hearing of a large assembly of citizens, did publicly, falsely and maliciously, and without reasonable and probable cause, and not being pertinent to the judicial inquiry at issue, accuse the plaintiff with being insane ; with being possessed in his own proper person with the contagious disease of insanity ; by words spoken publicly by defendant of and concerning plaintiff, and substantially in matter as follows, to wit: ' I ' (meaning defendant) ' now, gentlemen of the jury, shall speak upon a delicate subject; and will say that, for which I run the hazard of legal proceedings on the part of the plaintiff in this action;' (meaning the action *Joannes* v. *Nickerson,* then being tried in the superior court, county of Suffolk; and, by the word 'plaintiff,' meaning the present plaintiff.) ' It is, that he ' (pointing and looking at and meaning this plaintiff) ' is insane. I ' (meaning defendant) ' can liken him ' (meaning plaintiff) ' only to Pratt and Mellen, two madmen well known in this community.' (Here followed by defendant a description of the said citizens, Pratt and Mellen, one or both of whom had been secured and placed in a lunatic asylum for insane persons, as being confirmed and dangerous madmen.) ' If the plaintiff' (meaning this plaintiff) ' had justice done

him, a jury' (meaning a jury sworn to inquire into any case of lunacy) 'would consign him' (meaning plaintiff) 'to an insane hospital, and not find a verdict in this action in his favor, and against my client;' (meaning the then defendant, Joseph Nickerson, Esq., in the action then being tried.)

"*Second Count.*    And the plaintiff says that the defendant, at Boston, in the county of Suffolk, on or about Wednesday the fifth day of February, A. D. one thousand eight hundred and sixty-two, in the presence and hearing of a large public assembly of citizens, to wit, two hundred, (more or less,) did publicly, falsely and maliciously, and without reasonable and probable cause, and not pertinent and material to the issue upon the aforesaid judicial trial, (but maliciously impertinent to said issue,) accuse, charge and publicly denounce the plaintiff with being insane ; with being diseased and possessed in plaintiff's own proper person with the most terrible of God's inflictions upon mankind, that of the infectious and transmissible physical and mental disease of insanity ; which accusation, if true, as falsely and maliciously slandered by defendant, would deprive plaintiff of his personal liberty ; of all personal, legal and social rights whatever; of all income and emoluments from his professional employments ; of all future public advancements and domestic happiness ; casting desolation, misery and sorrow upon plaintiff, and increasing his sufferings by the sad reflection that the slander upon the father also slanderously taints the mental condition of plaintiff's children ; and to give additional force and injury to the wounded feelings of the plaintiff, and as a climax to the malice of the defendant, he publicly made the said accusation, even in the presence and hearing of the wife of the plaintiff,   and which false and malicious accusation the defendant well knew, when he uttered it, to be totally untrue, atrocious, actionable and most malignant in its mendacity.

"In consideration, therefore, of the foregoing premises, the plaintiff brings this action of tort ; and claims to his damage the sum of ten thousand dollars.          "Respectfully,

"George, the Count Joannes,
Plaintiff in person."

"Joannes" v. Burt.

To this declaration the defendant demurred, as not setting forth any legal cause of action, as containing irrelevant and improper matter, and as having annexed to it a printed exhibit not pertaining to the cause of action.

At the hearing in this court, before *Hoar*, J., the demurrer was sustained, and judgment rendered for the defendant; and the plaintiff appealed to the whole court.

The plaintiff and the defendant both appeared *pro sese*.

HOAR, J. This case comes before us by an appeal from a judgment rendered by a justice of this court on a demurrer. This is irregular; the proper mode, in actions at common law, being by bill of exceptions, where the case is not reserved. But, the appeal having been allowed by the justice who rendered the judgment, we have examined the questions presented, and are of opinion that the judgment sustaining the demurrer was right.

The declaration is in tort for slander, by orally imputing insanity to the plaintiff. We are aware of no authority for maintaining such an action, without the averment of special damage. The authorities upon which the plaintiff relies are both cases of libel. *The King* v. *Harvey*, 2 B. & C. 257. *Southwick* v. *Stevens*, 10 Johns. 443. An action for oral slander, in charging the plaintiff with disease, has been confined to the imputation of such loathsome and infectious maladies as would make him an object of disgust and aversion, and banish him from human society. We believe the only examples which adjudged cases furnish are of the plague, leprosy and venereal disorders.

In addition to this vital objection in matter of substance, the declaration fails to set forth the supposed cause of action in substantial conformity with the requirements of the statute; and contains many superfluous allegations, which are manifestly irrelevant, impertinent and scandalous. *Appeal dismissed*