Adjourning a justice's court for more than six days, cannot be alleged for error by him who has requested it.

ON *certiorari,* the plaintiff relied on the justice's having adjourned for more than six days.

*Per curiam.* It appears to have been so done on his own request, he is therefore estopped from alleging it for error.

## Zebulon R. Shephard *against* Austin Watrous.

A submission to arbitrators is a good consideration for a note. If in an action for words, the matter in dispute be left to arbitration, it cannot, in an action to recover a sum they owed, be shewn that the words were not actionable.

ASSUMPSIT by the payee against the maker of a promissory note for two hundred dollars, given under the following circumstances :

The defendant, while under arrest at the suit of the plaintiff in an action of slander, made the note in question, to be delivered into the hands of certain persons, who were to decide upon the subject of controversy between them, and in consequence of this arrangement, was instantly discharged from custody ; after which the arbitrators returned the note to the plaintiff indorsed 100 dollars.

At the trial, the defendant offered to prove, that in the suit on which he had been originally arrested, the plaintiff had no cause of action.

The judge deeming this evidence inadmissible, charged for the plaintiff, in favor of whom the jury found for the sum indorsed by the arbitrators. The case now came up, on a motion for a new trial, on account of misdirection at the circuit.

*Russel* for the defendant. We shall rely on the want of consideration, and the manifest oppression, from the circumstances under which the note was given. Between maker and payee, the consideration is always open to inquiry, and as, from the case, it appears none passed to the defendant, the instrument cannot support an action. A note cannot be given upon the contingency of its becoming valid by what arbitrators may decide. The being discharged from custody will not, did it even appear a part of the consideration, make it better, for the note was previously made. A promise to pay money in consideration the plaintiff would withdraw a bill in *Chancery* is not sufficient to warrant a recovery. *Tooley* v. *Undham*, *Cro. Eliz.* 206, cited *Esp. Di.* 95. The defendant, when under arrest, could not legally make the note; it was extorted by oppression, and taking an undue advantage. Had money even been paid upon it, an action might have been maintained to recover it back. *Astly* v. *Reynolds*, 2 *Stra.* 915. *Buller's* opinion in *Cockshot* v. *Bennett*, 2 *D.* and *E.* 766. Against opening the cause on which the note was executed, 'the reference to, and award, cannot be urged. In *Steers* v. *Lashley*, 1 *Esp. Rep.* 166, which was an action on a bill of exchange given for a balance awarded by arbitrators, the court permitted the defendant to impeach the note by shewing the consideration illegal. On the authority of this decision, the testimony offered ought to have been received, and the court therefore will grant a new trial to let it in.

*Shephard* contra. There is no impeaching the award of arbitration, unless corruption be shewn. The consideration of the note was to abide an award. It is not necessary that a bond should be given for this purpose. A parol submission is equally good; and if it may be by parol, it may be by note, and the submission is the consideration for which it was given. Had there been only a verbal agreement, and the referees had ordered 100 dollars to be paid,

ALBANY,
August, 1805.

Shephard
v.
Watrous.

could it have been said that no recovery could have been had ? If not, then nothing can be urged against the present verdict. No unfair practices were shewn, and none are to be presumed.

*Russel* in reply. Had notes been executed by both parties, it would have altered the case, but here only one is given, and he is to pay at all events. If evidence of the nature of the matter submitted is to be shut out, an usurious transaction may be made the basis of a legal demand.

*Per curiam*, delivered by THOMPSON, J. The present application for a new trial is made on three grounds. 1st. The want of consideration for the note on which the action is brought. 2d. That it was obtained by oppression and undue advantage. 3d. That the judge at the circuit excluded testimony which ought to have been admitted.

The want of consideration cannot be objected against the note. There was an agreement between the parties to submit to arbitration, a matter in controversy between

* *Freeman* v.
*Bernard.*

them. *Kyd on Awards*, 7. 1 *Ld. Ray*, 248.* Though this agreement was by parol, there can be no doubt but it was a good submission, and binding on the parties. We are to intend that a counter note was given, as no objection on that ground was made at the trial, and the agreement to submit was fully shewn. The note in question may be considered as the award of the arbitrators. It was conditional when made and put into their hands, to become consummated by their decision of the matter submitted ; and by such decision, it has become absolute for the payment of the money awarded to the plaintiff. The consideration, if any was necessary for the submission, was the discharge of the defendant from the arrest.

The second objection is equally untenable. Nothing is shewn in the case, that looks like oppression, or undue advantage. It is true, the defendant was under an arrest ; but that of itself could not have been enough to avoid his acts, even had there been a final settlement, which, however, was not the case. There was only an agreement to submit the matter upon which he was arrested, to arbitration ; the merits of which controversy, he had the right of contesting before the arbitrators.

With respect to the third point, we think the testimony properly overruled. The evidence offered was respecting the original cause of action, which had been submitted to, and determined by the arbitrators, with a view to open the whole merits of the controversy. This was certainly inadmissible. There is no rule better settled, or more consonant to good sense, than that which precludes parties from litigating on the original subjects of dispute, which have been fairly and *legally* submitted to judges of their own choosing, and an award made pursuant to such submission. *Kyd* 242. 1 *Esp. Rep.* 378.* There are, however, exceptions to this rule, as where there have been some corrupt practices, or improper conduct on the part of the arbitrators. Nothing of that being presented in this case, we think the award final and conclusive. The opinion of the court therefore is, that the defendant take nothing by his motion, and that the plaintiff have judgment.