### *Ex parte* McKINNEY and THOMPSON *against* NEW-COMB.

THE parties had submitted to arbitration, and agreed that the submission should be made a rule of court. The award being for McKinney and Thompson, it was, early in this term on motion, made a rule of court, and performance demanded; and now two motions were made; one for an attachment against Newcomb for not performing the award, and another in behalf of Newcomb to set aside the award, on the ground that the arbitrators had rejected a material witness, offered by Newcomb.

*Lockwood* for Newcomb, cited 17 John. 410, 11 ; Kyd on Aw. 317 ; 1 Str. 695 ; 1 Burr. 278 ; 1 R. L. 125, 6.(*a*)

*Anderson*, for McKinney and Thompson.

*Curia.* Here is no pretence of dishonesty or corruption in the arbitrators. We do not examine the merits on an application to set aside the award. (2 Archb. Pr. 289. 2 Burr. 701. 1 Str. 301. 1 Saund. 327, d.) A mere mis-

*On a motion to set aside an award which was agreed to be made a rule of court; the merits of the award are not inquirable into. It will not be set aside in a court of law, unless the arbitrators have acted dishonestly or corruptly.*

(*a*) He also objected, that the submission could not be made a rule of court after the award, on the authority of *Spettigue* v. *Carpenter*, (3 P. Wms. 361 ;) but the court did not hesitate to disallow this objection, as the contrary is clearly settled; *Alardes* v. *Campbell*, 1 Barnard Rep. K. B. 152 ; *Pownall* v *King*, 6 Ves. 10. Caldw. on Arb. Am. ed. 20 ; and it was so he d ately, by this Court, in *Ex parte Vasques*, (ante, 29.)

take of the law is not a ground for our interference ; and that is all which is pretended. The case cited from the 17 Johnson was in a court of equity. The motion to set aside the award must be denied ; and the attachment must go.

Rule accordingly.