The ratification should be equivalent to a new contract. Ib.

A contract of an infant not made for necessaries, may be made obligatory by a new promise or ratification after he comes of age; and such new promise must be replied specially to a plea of infancy. *Watkins* v. *Stevens*, 4 Barb. 168. 3 N. Y. Dig. p. 41, *et seq.* tit. *Infant.*

---

## MITCHELL *against* BUSH.

A parol submission and award that B. shall pay to M. a sum of money as a compensation for the future use of M.'s private road, made by him partly over his own land, and partly over the land of others, without their permission, is valid; the passing a permanent right of way not being in the contemplation of the parties.

Such a submission and award are not an agreement concerning an interest in land within the statute of frauds.

It is no defence to an action on an award, that the arbitratards awarded a sum of money upon a claim which the law would not enforce.

ASSUMPSIT, on an award of arbitrators, tried at the Sullivan circuit, May, 1826, before BETTS, late Ch. Judge.

The plaintiff having made a private road partly over his own land, but mostly over the land of others, the defendant wanted to use it in the same manner as the plaintiff had a right to do. The plaintiff not being willing that he should do so without compensation, the parties agreed, by parol, to submit the amount of compensation to arbitrators, who awarded $123 to the plaintiff. The defendant, when the submission was made, expressly promised to pay what should be awarded; and knew that the road was mostly over land to which the plaintiff claimed no title; and that he had no permission from the owners of the land to make it. These facts being proved, the jury found for the defendant.

A motion was now made, on the part of the plaintiff, for a new trial.

*R. S. Street*, for the motion.

*P. F. Hunn*, contra.

*Curia, per* SUTHERLAND, J. The defendant contends

An award cannot be impeached in an action on the ground that it is against law

that the agreement between the parties was in relation to an interest in land, being a right of way; and that the award, as well as the agreement itself, was therefore void by the statute of frauds. It is evident, from the testimony of the arbitrators, that the parties knew and admitted, at the *time of the agreement to submit the matter in difference, that the road was made over land, with the exception of a quarter of a mile, to which the plaintiff claimed no title; and that he had no permission from the owners of the land to make it. As it respects that part of the road, therefore, there was no interest in land in dispute. The plaintiff had made the road at a considerable expense, over the land of other persons, and without their permission. He of course was liable to be deprived of the use of it himself, whenever the owners of the land through which it ran thought proper. But it was undoubtedly an advantage, instead of an injury to the land through which it was made; and therefore it was highly improbable that the proprietors of the land would complain of, or obstruct it. The defendant knew all these circumstances; and with such knowledge, agreed to pay the plaintiff such sum as the individuals fixed upon between them should decide was right for the privilege of using the road. The evidence shows that the road was as convenient and necessary to the defendant as to the plaintiff. This agreement, from the very nature of the case, was nothing more, in the contemplation of the parties, than that the defendant should have the same right as the plaintiff had to use the road, upon paying what the arbitrators should adjudge for it. It was in the nature of compensation for the work and labor laid out by the plaintiff upon the road, the benefit of which the defendant wished to have.

It is no objection to the submission or the award, that the plaintiff had no legal right to the road himself, and of course none to prevent others from using it. (*Shepherd* v. *Watrous*, 3 Caines, 166. Kyd on Awards, 11. 1 Ld. Raym. 248.) In *Shepherd* v. *Watrous*, the plaintiff had brought an action of slander. At the time of the arrest of the defendant, the parties agreed to submit the matter in

[*187]

dispute to arbitrators; and the defendant was discharged. The arbitrators awarded $100 to the plaintiff; and in an action to recover the sum awarded, the defendant offered to show that the words for which the original action was commenced, and for speaking which the award was made *were not actionable. The evidence was held to be improper.

Where a matter is referred to arbitrators by the mere act of the parties, without being made a rule of court, it is no ground of objection to their award, in an action to enforce it, that it is against law. *Jackson* v. *Ambler*, 14 John. 105. *Cranstown* v. *The Executors of Kenney*, 9 John. 212. Kyd on Awards, 185, 237, 238.[1]

It being manifest, therefore, that, as to the greatest part of the road, the parties did not contemplate a legal right of way, it may fairly be intended that they did not as to the residue, which ran through the plaintiff's land; but that the defendant was to contribute such portion of the expense of making the road, as the arbitrators under the circumstances of the case should think just; and be permitted to use the road in the same manner as the plaintiff did.

[1] See Waterman's Am. Ch. Dig. vol. 1, tit. *Award;* N. Y. Dig. vol. 1, tit. *Arbitration & Award.*