*Inhabitants of* WHITEFIELD *vs.* SEWALL LONGFELLOW *& als.*

If a man execute a bond for fear of unlawful imprisonment, he may avoid it on the ground of duress.

Where a man is lawfully arrested, and offers to give such bond, as entitles him by law to be set at liberty, but the bond is refused, and the person detained under arrest through ignorance, and an obligation is given by him through fear of such unlawful imprisonment, it may be avoided.

But if such person act freely and voluntarily, although under such unlawful detention, the obligation is valid.

EXCEPTIONS from the Court of Common Pleas.

This was an action of debt on a bond executed by *Longfellow*, as principal, and the other defendants, as his sureties, and conditioned to pay the " laying in" charges of one *Mary Jenny*, then pregnant with an illegitimate child, and to pay the bills which should accrue for the necessary support of her child, until it

should be three years old. The general issue was pleaded and joined, and a brief statement filed alleging, that said bond was obtained from said *Longfellow* by duress of imprisonment, and by threats of the same. The plaintiffs proved the execution and delivery of the bond, and that the charges, and support of the child, of said *Mary Jenny*, previous to the commencement of the suit, amounted to seventy-five dollars.

*Mary Jenny* was resident at *Hallowell*, but had her legal settlement in *Whitefield*. A complaint was made by the said *Mary* to a justice of the peace of the County of *Kennebec*, under the *statute, ch.* 72, who issued a warrant on the complaint, which was delivered to an officer, and *Longfellow* was arrested thereon and brought before the same justice on the morning of the following day, and the bond was executed about two o'clock in the afternoon. The whole evidence given on the trial is set forth in the exceptions. It appeared, that there were present, in addition to the justice, the officer, *Longfellow*, the overseers of the poor of the town of *Whitefield*, and the father-in-law and brother-in-law of *Longfellow*, who was a married man. *Longfellow* offered to give bond for his appearance at court and had procured sureties; but as he was a married man, the justice and officer, thought that a bond for his appearance at court could not be taken, and said that he must settle or be committed to prison. But at the same time the justice offered to give further time, that he might consult counsel, and the officer offered to take him before any other justice, or take him to a place where he might consult counsel. It did not appear, that any threats were made use of from any source to induce *Longfellow* to sign the bond, but he was kept in custody of the officer until it was signed. The witnesses did not relate the conversations, which were had, in the same manner; but it is believed, that the law on the subject is the same in any view, which can fairly be taken of the evidence. The particulars of the testimony therefore are not given.

Upon the whole evidence, *Smith J.*, before whom the action was tried, instructed the jury, that there was no question, if they believed the witnesses, that the arrest of *Longfellow* by the officer upon the complaint and warrant was legal, and so continued until the said *Longfellow* was brought before *Freeman*, the jus-

tice, for examination. That after the officer had brought the defendant before the magistrate, it was the duty of the officer to have detained him in custody, until the magistrate had upon examination, either ordered him to be discharged as not guilty, or required him to give bond with sufficient surety for his appearance at the Court of Common Pleas ; that in the latter case, it was the duty of the magistrate to have received the bond of the defendant, if the sureties were sufficient ; and if he refused to receive such bond, and discharge the defendant, the imprisonment from that time was unlawful, and if the obligation declared on was obtained from the defendants during such unlawful imprisonment, and in consequence thereof, the defence was well made out. But on the other hand, if the magistrate had given no such orders, and through ignorance of the law was honestly inquiring what his duty required, in order to arrive at a correct decision, it was the duty of the officer to have retained the defendant in custody, till a decision was had, or to have carried him before some other magistrate, if the said *Freeman* had declined to act as such. And although said obligation was executed by the defendants, while *Longfellow* was held in custody, and before the magistrate had decided what course to pursue, it could not be avoided by duress of imprisonment, and the jury ought to find for the plaintiffs.

After the Judge had summed up the evidence, and thus instructed the jury, the counsel for the defendants requested him to instruct the jury : —

1. That if they should find, that said Justice *Freeman* informed *Longfellow*, while before him, that he could not take a bond for his appearance at court when offered with good sureties, and that he must either settle or be committed, and that said bond was executed under the influence of such information, that said bond was void in law.

2. That if the facts in the above request are found to have been communicated to *Longfellow* by the officer, or by any one else, in the presence of said Justice, and the bond was made under that information it would be void.

3. That if the jury should find, that said *Freeman* refused the first request of *Longfellow* to receive a bond for his appearance

at court, the offer of the officer to carry him before some other justice, four or five miles distant, will not obviate the objection urged against said body arising from duress.

4. That if the jury should find, that the justice refused to permit *Longfellow* to give a bond for his appearance at court after he had received the warrant from the officer with his return thereon or to discharge him, that the holding him in custody after that time was false imprisonment; and if the giving of the bond declared on was done to procure his enlargement, it would be void. But the Judge declined giving said instructions; and a verdict was returned against said defendants.

The counsel for the defendants excepted both to the instructions given and to the refusal of the Judge to give the instructions requested.

*F. Allen* argued for the defendants, and cited *Stat. ch.* 72; *Commonwealth* v. *Canada*, 13 *Pick.* 86; *Page* v. *Trufant*, 2 *Mass. R.* 159; *Watkins* v. *Baird*, 6 *Mass. R.* 506; *Worcester* v. *Eaton*, 11 *Mass. R.* 368; 13 *Mass. R.* 371; *Crowell* v. *Gleason*, 1 *Fairf.* 325; 5 *Dane Ab.* 373; *Horton* v. *Auchmoody*, 7 *Wend.* 200.

*Barnard* argued for the plaintiffs, and cited *Dickinson* v. *Brown, Peake's N. P. R.* 253; *Crowell* v. *Gleason*, 1 *Fairf.* 325; 1 *Black. Com.* 136; *Kavanagh* v. *Saunders*, 8 *Greenl.* 426; *Chitty on Con.* 53; 2 *Stark. Ev.* 504; *Brown* v. *Getchell*, 11 *Mass. R.* 11; *Springer* v. *Bowdoinham*, 7 *Greenl.* 442; *Copeland* v. *Wadleigh, ibid.* 141; *Bond* v. *Cutler*, 7 *Mass. R.* 205.

The action was continued *nisi*, and the opinion of the Court drawn up by

WESTON C. J. — A lawful detention or imprisonment of the person, does not constitute duress. The arrest or restraint of the principal defendant was warranted by law; and it does not appear to have been unreasonably extended. While before the magistrate, some time was taken up in endeavoring to negotiate an adjustment; and the magistrate might take a reasonable time, to consider what it was proper for him to do. But if a man executes

a bond for fear of imprisonment, that is, of unlawful imprisonment, he may avoid it on the ground of duress.

It appears from the testimony of the magistrate, that the defendant offered to give bond for his appearance at court, with sureties, who were in his judgment adequate, but he doubted whether he could take a bond, and upon the officer's saying, that he could not, but that the defendant must settle or go to gaol, the justice, supposing he could not take a bond, took the defendant aside, and told him he had better settle, than go to gaol. This was manifestly adopting the views of the officer, and calculated to produce an apprehension in his mind, that if he did not settle, he must be sent to gaol; although he was ready to give bond, with adequate sureties, for his appearance at court.

Such an imprisonment would have been unlawful. He had a right to be liberated, upon giving such a bond. And if he did not execute the bond in suit freely, but through fear of unlawful commitment, he acted under the influence of such moral compulsion, as constitutes duress. We think the jury should have been so instructed ; and that it may be considered as embraced in some of the requests, made by the defendant's counsel.

There is much reason to believe from the whole testimony, that the principal defendant acted freely, notwithstanding the misapprehension of the justice. The jury however have not passed upon the question, which is to be considered as having been legally at issue before them, whether he did act freely, or whether under the fear of unlawful imprisonment. The exceptions are therefore sustained, and a new trial granted ; that it may be distinctly presented to a jury, for their determination.