## Case No. 3,805.

DENNY et al. v. BROWN.

[2 Betts' C. C. MS. 51.]

Circuit Court, S. D. New York. Jan. 8, 1844.

ATTORNEY AND CLIENT—AUTHORITY OF ATTORNEY—ARBITRATION—CONCLUSIVENESS OF AWARD—REVIEW OF AWARD—REFERENCE—EFFECT OF REPORT—HOW REGARDED IN FEDERAL COURTS—AGREEMENT FOR COGNOVIT—ENFORCEMENT IN FEDERAL COURTS.

[1. The submission of a controversy to arbitration by an attorney binds his client.]

[2. An arbitration award is conclusive as to the parties thereto, and can only be avoided or vacated for fraud or gross misconduct.]

[3. Mistakes of law by arbitrators, or errors of judgment by them on the evidence, cannot be reviewed or rectified.]

[4. An attorney may confess judgment for his client in an action on contract.]

[5. State statutes authorizing and regulating references have no application to federal courts.]

[6. Consent to a reference does not authorize a judgment in invitum on the report.]

[7. The federal courts will not entertain questions on a referee's report, but will regard and treat it as an award by arbitration.]

[8. The reservation in a submission to referees of the right to move to set aside their report takes away its character of a submission to

arbitration. Consequently, an agreement in the submission to give a cognovit for the amount of the report will be deemed to refer to the amount as finally settled by the court, and not the amount reported by the referees.]

[9. A reference under state statutes not being recognized by the federal courts, a stipulation to confess judgment for the amount reported by the referee will not be enforced therein.]

At law. Action by Thomas Denny and others, trustees under the absconding debtors' act, against Hugh Brown.

H. E. Davis, for plaintiffs.

J. Cook, for defendant.

BETTS, District Judge. The plaintiffs move for an order compelling the defendant's attorney to sign a relicta cognovit actionem for the sum of $17,483.02. It appears by the affidavit of their attorney that in a suit in assumpsit pending in this court, between these parties, a written agreement was entered into between the attorneys for the respective parties that the cause be referred to three persons designated; and in the same agreement the attorney for the defendant stipulated and agreed to give a relicta cognovit, that judgment may be entered thereon for such sum as shall be found by said referees due from him to the plaintiffs, and that either party may move to set aside the said report. This agreement was executed December 15, 1840, and a report of the referees was made, bearing date the 10th of August, 1843, finding there was due from the defendant to the plaintiffs the sum of $17,-483.02. The affidavit states that since the referees commenced acting under the agreement, the attorney who signed it has ceased to conduct the case, and that it has come under the direction and management of J. Cook, Esq., and that Mr. Cook and the attorney who signed the stipulation both decline executing the relicta cognovit, in fulfilment of the agreement.

The defendant avers in his affidavit that he supposed the reference in the cause was by the authority and direction of the court, and that he never signed any paper authorizing such reference or authorizing his attorney to confess judgment against him, and that he never saw the stipulation given by his former attorney until notice of this motion was given; that in May, 1843, Mr. Cook was substituted his attorney in the cause, on the written consent of his former attorney, Mr. O'Connor; and that the deponent has refused his consent to the execution of the cognovit. He further states that he is advised and believes he has good grounds of exception to the proceedings and decisions of the referees, and that he is preparing to have the report reviewed and set aside by this court.

The courts of the United States possess no power to refer causes, and the acts of the parties in this case were therefore virtually a submission of the matters in controversy in the action to arbitration. By the local law, a cause pending in court may be submitted to arbitration by parol (Wells v. Lane, 15 Wend. 99), and the knowledge or acquiescence of the parties in the acts of their attorneys should be regarded as of the same effect as if done directly by themselves. Without such acquiescence, it would appear to be the result of the authorities that the attorney may himself submit to arbitration his client's cause, and that the principal is bound by the submission. Holken v. Parker, 7 Cranch [11 U. S.] 436; Somers v. Balabrege, 1 Dall. [1 U. S.] 166; Buckland v. Conway, 16 Mass. 396.

The award of arbitrators is conclusive between the parties. It can only be avoided or vacated for fraud or gross misconduct; and accordingly mistakes of law or errors in judgment on the evidence, by the arbitrators, cannot be reviewed or rectified by the court. Shephard v. Watrous, 3 Caines, 166; Barlow v. Todd, 3 Johns. 36; 9 Johns. 212; 5 Cow. 425; 10 Cow. 580. If then the report in this case is to be reviewed as an award on arbitration, the parties could not be heard on any objections to the decisions of the arbitrators in admitting or excluding matters of charge on the one side or the other, and must accordingly be treated as conclusive of the right of the plaintiff to recover the entire sum reported.

The competency of the attorney to bind his principal by a confession of judgment in a suit pending on contract cannot be questioned. 6 Johns. 696; 6 Cow. 387. It would seem to result that his solemn stipulation in writing, to give such judgment, would be enforced by the court, as the proceeding in the conducting of the cause to which the plaintiff was entitled. 6 Cow. 387. The after refusal of the client to allow the agreement to be executed, unless sanctioned by the court for sufficient cause shown, ought not to intercept or diminish the rights conferred to the plaintiff by the stipulation, any more than if the agreement had been executed by the defendant in person. The conclusive effect then of such arbitration would induce the court to examine critically the agreement to determine whether the parties in arranging their submission have subjected themselves to these peremptory consequences.

Certain classes of cases are by the state law subject to reference, by act of court, or at the instance of either party to the suit. The reference becomes then a part of the procedure in the action, and the decisions of the referees are subject to revision upon as ample rules of relief as those of courts and juries. The revision is summary by the court out of which the reference proceeds. This method of proceeding, being instituted by statute, does not apply to the courts of the United States, nor can they adopt it as a rule of decision or practice, compulsorily, because the constitution secures the right of jury trial in all common law cases, when

the matter in demand exceeds $20. Const. U. S. Amend. 7. And in this circuit it has always been held that a reference by consent did not authorize a judgment in invitum on the report, and, if recalled, that error would lie on such a record, because of the want of a verdict to determine the damages. The court would not accordingly entertain any question on a report of referees, always regarding it as an award, and not open to examination and correction by the court, as a part of the case before it.

In the stipulation in question, the right is reserved to each party to move to set aside the report; this provision clearly indicates that it was considered a reference according to the practice of the state courts and subject to all the rules of these procedures. The defendant asserts in his deposition that he supposed he was compelled to submit to a reference, and, had he understood his rights in that respect, he would not have allowed the submission; and he, in corroboration of that understanding, states that his counsel took exceptions to the decisions of the referees, and is preparing to move the court, to set aside the report upon those exceptions. It would be grievously unjust now to give the report a sanctity and efficacy so entirely transcending the expectations and intentions of the parties. The right or privilege to move the court to set aside the report is to be regarded as essential a part of the agreement as the submission or reference itself, and, as the court cannot give the parties the benefit of that condition, it ought not to act on the agreement as if the conditions had never been inserted, and enforce the report as absolute and conclusive.

My opinion is that this qualification takes away from the reference the character of a submission to arbitration, and that the agreement to give a cognovit for the amount of the report must be understood to refer to the amount as finally settled and approved by the court, and not the amount reported by the referees. Since, therefore, the report cannot, as was contemplated in the stipulation, be brought before the court to be corrected or set aside for mistakes in law or fact, it is not that adjustment and liquidation of accounts between the parties for which the defendant was bound to confess judgment absolutely, and for this cause I will deny the motion, but without costs.