### CHARLES RUNDELL *vs.* JOSEPH LA FLEUR & another.

A bond which is drawn up in proper form to be signed by a principal and a surety is well executed, if it is first signed by the surety, and afterwards, in his absence, but before its delivery, signed by the principal.

If a bond with condition to abide the award of arbitrators stipulates that the award shall be made in writing and ready to be delivered on a certain day, this stipulation is complied with if before that day the award is made, signed, delivered to one of the arbitrators, and by him read to the parties at their request.

If an award which appears unobjectionable on its face has been made, under a general submission, by bond, of all demands to arbitration, and no partiality or corruption is charged against the arbitrators, parol evidence is inadmissible to show that they considered, in making their award of damages, a matter which furnished no legal ground of claim for damages.

If payment of a bond is resisted on the ground that it was given in consideration of an illegal agreement by the obligee, and the evidence is conflicting whether at certain times prior to the execution of the bond the obligee has sought to obtain it by means of the alleged illegal agreement, evidence is competent on his part to show that at the time of the execution of the bond no such agreement was made.

If a witness who is called to impeach another witness testifies, in reply to a question as to the general reputation of the latter for truth and veracity, that he has heard it called in question to a limited extent, it is no error to submit this evidence, with proper instructions as to the weight to which it is entitled, to the consideration of the jury.

CONTRACT upon a bond, dated December 6, 1861, in which the obligors were described as Joseph La Fleur and William Lindsay, with the following condition:

" The condition of this obligation is such that if the said Joseph La Fleur shall perform and keep the award of three arbi· trators, or of any two of them, . . . . . . . mutually chosen to award and determine concerning a claim which the said Charles Rundell makes against the said Joseph La Fleur, for moneys due him, the said Charles, for a certain horse or horses sold by him the said Charles to the said Joseph, and all demands concerning

the same, and all actions, causes of action, judgments, executions, controversies or demands whatsoever depending by or between the said parties, so as the said award be made in writing and ready to be delivered to the said parties on or before the sixth day of March next."

The declaration set forth the execution of the above bond by the defendants, and the making of an award by the arbitrators which was ready to be delivered to the parties, and actually delivered to them, before the day named, in which they set forth that they, " having notified and met the parties and heard their allegations, proofs and arguments, and duly considered the same, do award and determine that the within named Charles Rundell shall recover of the within named Joseph La Fleur the sum of two hundred and twenty-five dollars, together with the costs of this reference," &c., " and that the same shall be in full of all matters within referred to us ; " and that said Joseph has not performed said award, or paid said sum, though requested.

The answer denied all the averments of the declaration, and further set forth that before the date of the bond the plaintiff had caused said Joseph to be arrested on a criminal charge, and thereafter, while the complaint was pending, promised him that, if he would sign the same, and obtain a person of responsibility to sign the same as surety, the plaintiff would not appear against him as a witness, but would retire to Canada, where he lived, so as to be out of the reach of a subpœna; and that the bond was accordingly executed under these circumstances.

At the trial in the superior court, before *Brigham*, J., it appeared that the surety executed the bond first, and the same was afterwards, in the absence of the surety and upon the following day, executed by La Fleur, and delivered to the plaintiff; and that the award was signed and sealed up by the arbitrators, and delivered to one of their number, by whom it was read to La Fleur and an agent of the plaintiff, in the latter part of February 1862. The defendants thereupon requested the court to rule that under these circumstances the bond was not so executed as to be binding upon Lindsay, and that the plaintiff could not recover because he had shown no

delivery or offer of delivery of the award to the plaintiff; but the judge declined so to rule.

The defendants offered evidence to show " that the arbitrators, in making up their award, considered in the amount awarded the agreement of Rundell not to appear and testify against La Fleur;" but the evidence was excluded.

The defendants offered evidence to show that at certain times and places the plaintiff had said that if La Fleur would give him the bond he would go away and not testify, but offered no evidence that any such thing was said at the time when the bond was signed by La Fleur. The plaintiff denied the truth of the above evidence; and was allowed to show, by Ralph Day, under objection, that he said no such thing at the time when the bond was signed.

Among other witnesses to impeach La Fleur, the plaintiff called Eli H. Patch, and asked him to state what was the general reputation of La Fleur for truth and veracity. The witness replied that " he could not say he had not heard it called in question; that he had heard it called in question to a limited extent." The defendants asked the court to exclude this evidence from the jury, but the judge declined so to do, and submitted it for their consideration with instructions, which are sufficiently stated in the opinion.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*G. M. Stearns,* for the defendants, cited, as to the execution of the bond, *Herrick* v. *Johnson,* 11 Met. 35; *Adams* v. *Frye,* 3 Met. 103; *Wood* v. *Washburn,* 2 Pick. 24; *Bean* v. *Parker,* 17 Mass. 591; as to the admissibility of the evidence to impeach the award, *Strong* v. *Strong,* 9 Cush. 560, 568, 569, 574, 576; *Withington* v. *Warren,* 10 Met. 431; *Bean* v. *Farnam,* 6 Pick. 269; and as to the evidence of Day, *Commonwealth* v. *Page,* 6 Gray, 361; *Edgerton* v. *Wolf,* Ib. 453; *Ellis* v. *Short,* 21 Pick. 142.

*H. Morris,* for the plaintiff.

DEWEY, J. Various exceptions were taken to the rulings made at the trial of the present case, which will be considered in their order.

1. We see no cause for any objection on the ground that the bond was not duly executed by the defendants. It is true that the bond was first signed by the surety, but before its delivery to the plaintiff it was executed by the principal. It was quite immaterial as to the order of the signatures, the same having been fully executed by all who purported to be parties to the obligation.

2. The facts shown as to the publication and delivery of the award are sufficient. By the stipulation in the bond, the award was to be made in writing and ready to be delivered to the parties on or before the 6th of March 1862. It appears that the award was duly made and sealed up and left with one of the arbitrators, and that the parties appeared before him in February 1862, and the award was then read to them at their request. No further publication was required to give effect to the award.

3. The court properly rejected the offer of oral evidence by the defendants to show that the arbitrators in making up their award, " considered in the amount awarded the agreement of Rundell not to appear and testify against La Fleur." As an attempt to impeach the award for misconduct of the arbitrators, it would perhaps be quite sufficient to say that the proposed offer of proof falls short of that definitiveness and precision required in such cases. But, upon broader grounds, it was properly rejected.. The defendants were allowed the fullest opportunity to establish the illegality of the bond. The facts set forth in their answer as to the circumstances under which they executed the bond, had they been established by proof to the satisfaction of the jury, would have required a verdict for the defendants; but they were not found by the jury to be true. The defendants seek also to impeach the award. This is a much narrower field for the introduction of evidence; and especially so, when nothing objectionable appears on the face of the award.

This submission was made in the broadest terms, and, after stating a particular claim, adds, " and all demands concerning the same, and all actions, causes of action, controversies or demands whatsoever depending by or between the said parties."

The arbitrators, by force of this submission, were constituted sole judges of both fact and law, as to all matters thus submitted to them. It is not a subject of inquiry whether they came to proper conclusions upon these matters. The books of reports are full of decisions adverse to revising the proceedings of a board of arbitrators clothed with unlimited powers as to their action, when there has been no corruption or partiality on the part of the arbitrators, or fraud practised by the prevailing party, holding that the court will not, in an action at law upon an award, inquire whether the arbitrators have judged right or wrong. The language of the court is, in such cases, " You have constituted your own tribunal; you are bound by its decision." It is only in the case of errors apparent upon the face of the award, or where it is shown that the arbitrators have failed through mistake to give effect to their own intentions, that the courts have, in the absence of fraud or corruption, been disposed to open the inquiry into the grounds of the decision of the arbitrators, or allow it to be impeached.

The cases of *Boston Water Power Co.* v. *Gray*, 6 Met. 131 ; *Mitchell* v. *Bush*, 7 Cow. 185 ; *Smith* v. *Cutler*, 10 Wend. 589 ; *Brown* v. *Green*, 7 Conn. 536 ; *Bell* v. *Price*, 2 Zabr. 578 ; *Brown* v. *Leavitt*, 26 Maine, 251 ; *Hodgkinson* v. *Fernie*, 3 C. B. (N. S.) 202, will be found to sustain these views.

It seems therefore that the court, under the circumstances, properly refused to allow the introduction of the evidence which was offered.

4. The testimony of Ralph Day was properly admitted. The question before the jury was, whether this bond was given upon an agreement on the part of the plaintiff that if La Fleur would give him such a bond, he would leave the Commonwealth and not appear to testify as a witness against him in the criminal prosecution. The testimony was conflicting upon this point. No evidence had been offered as to what took place at the time when the bond was signed by La Fleur. The plaintiff was allowed to ask the witness, Day, who was present at the execution of the bond, if any such thing was said at the time the bond was signed. This was a point of time properly

the subject of inquiry. It did not negative the fact of other statements made at other times, if such were shown, but it did meet one point of time, and tended to show that no such agreement was made then. It may have been testimony very limited in its application, and not of a controlling character, but it was not incompetent.

5. The court properly declined to rule that the evidence of Eli H. Patch should be excluded, and that the same was not competent evidence for the jury. The question propounded to this witness was entirely proper and accurate in its form. The witness having stated that he had known the person to whom the inquiry related for a long period of time, was asked to state what his general reputation was for truth and veracity? The reply was, " he could not say he had not heard it called in question; that he had heard it called in question to a limited extent." This evidence was properly given in the presence of the jury. The weight of it was for the jury and not for the court to consider. It was held by the court in *Bates* v. *Barber*, 4 Cush. 108, that the inquiry as to the amount and means of knowledge on the part of a witness called to testify to the general reputation of another witness was for the jury, in order to enable them to satisfy themselves as to the weight and importance of the testimony. It was further said that there is no question of competency for the court to settle in regard to the knowledge of witnesses called to testify to the point of reputation for truth and veracity.

But further, the court did fully instruct the jury upon the nature of testimony of this character, and that the importance of it would depend much upon its being shown to be the common speech of his neighbors and those who knew his character for truth, and thus guarded the jury from giving it greater weight than was proper. This exception cannot avail.

*Exceptions overruled.*