THE TOWN OF PRINCETON *v.* VIERLING.

TOWN.—*License to Sell Liquor.*—Towns have no power to require a license for the sale of intoxicating liquors.

SAME.—*Pleading.*—*Complaint to Recover Money Paid for License.*—A complaint against a town to recover money paid for a license to sell intoxicating liquors, alleging that the money was extorted from the plaintiff by the officers of the town, and that it was paid to avoid arrest, fine, and imprisonment, and that repayment has been demanded, is good.

APPEAL from the Gibson Common Pleas.

PETTIT, C. J.—The appellee sued the appellant, to recover back money paid for license to sell liquor. The trustees of the town had passed ordinances prohibiting the sale of liquor by the quart, or by any larger quantity, and against retailing liquor without a license, and had imposed a heavy fine for any violation of said ordinances. The statute, 1 G. & H. 631, sec. 57, provides for the arrest and imprisonment of any person for the violation of an ordinance of a town, until the fine and costs are paid or replevied.

We have held, in several cases, that towns have no power to require a license for the sale of liquor. *Deutschman* v. *The Town of Charlestown, post,* p. 449; *Town of Martinsville* v. *Frieze,* 33 Ind. 507; *Town of Martinsville* v. *Gillig,* 33 Ind. 510. And we adhere to the rulings in those cases.

The complaint is in six paragraphs, and each alleges that the money was extorted from the plaintiff by the officers of the town, and that he paid the same to avoid arrest, fine, and imprisonment; that he had demanded repayment, etc.; and asking judgment for the amount paid under these circumstances. There was a demurrer for want of sufficient facts to each of these paragraphs overruled; and the correctness of this ruling is the only question in the case.

We hold that this ruling was correct, and approve of the ruling in the case of *Harvey & Boyd* v. *The President and Board of Trustees of the Town of Olney,* 42 Ill. 336.

The judgment is affirmed, at the costs of the appellant.

*D. F. Embree,* for appellant.

*J. Baker,* for appellee.