## BUSH v. BROWN.

PLEADING.—*Answer.*—To a suit upon a promissory note an answer alleging that there was no valuable consideration for the execution of the note is sufficient.

DURESS.—A promise extorted by terror or violence, whether on the part of the person to whom the promise or obligation is made or that of his agent, may be avoided on the ground of duress.

SAME.—If a party execute an instrument from a well grounded fear of illegal imprisonment, he may avoid it on the ground of duress.

SAME.—To a suit upon a promissory note, it is a good answer to allege that the plaintiff induced the defendant to go with him to a secluded place, and there accused the defendant of having performed an abortion upon the plaintiff's wife, and that a certain person who was then present was an officer, having power to arrest and imprison the defendant, and that the plaintiff there threatened the defendant with immediate arrest and imprisonment, unless the note in suit was made, and fearing such arrest the defendant made the note, and that he had never committed the crime charged.

PLEADING.—*Oral Promise.*—*Want of Consideration.*—A want of consideration for an oral promise sued upon may be proved under an answer of general denial.

From the Montgomery Circuit Court.

*J. McCabe,* for appellant.

*J. E. McDonald* and *J. M. Butler,* for appellee.

DOWNEY, J.—Bush sued Brown. His complaint consisted of four paragraphs. The first was on a promissory note for four hundred dollars. The second was on a promissory note for twenty-five hundred dollars. The third alleged that, on, etc., there existed a real matter of difference between the plaintiff and defendant, which formed a proper subject of an action in favor of the plaintiff against the defendant, arising out of an alleged tort committed by the defendant against the plaintiff and his family; that the plaintiff was about to commence a suit against the defendant for damages, etc.; that the defendant, learning the intention of the plaintiff, etc., to compromise and settle said matter, etc., agreed to pay the plaintiff three thousand dollars, if the plaintiff would not bring such action; that the plaintiff accepted said proposition. The

plaintiff then alleges performance of the agreement on his part and a failure on the part of the defendant, demanding judgment in the sum of four thousand dollars. The fourth paragraph of the complaint was not materially different from the third.

The defendant answered as follows:

1. To the first and second paragraphs of the complaint, "that the notes were executed without any legal, valid or valuable consideration whatever, and that there never has existed and there does not now exist any such consideration for said notes."

2. For further answer to the same paragraphs of the complaint, that the notes were obtained from the defendant by fraud, deceit, threats, duress, and restraint, in this, to wit, that on the 24th day of September, 1870, the defendant, being in a very feeble condition, both physically and mentally, having then but partially recovered from a very severe attack of illness, whereby he had been greatly prostrated, went to Jamestown, in, etc.; that while there, he was approached by the plaintiff, and by him induced to go with him to a retired and secluded place, pretending to have business of great importance to transact with the defendant, and so soon as, by these pretences, said plaintiff had induced the defendant to go into said retired place, the plaintiff then and there charged the defendant with having committed and performed an abortion upon the person of the plaintiff's wife, and represented and induced defendant to believe, and he did then believe, that one Samuel F. Wesner, who was then and there present, was an officer, then having full power to arrest and imprison said defendant, said Wesner at the time aiding and assisting in said representation; and plaintiff then threatened the defendant with immediate arrest and imprisonment, unless said defendant would then and there execute to said plaintiff the said notes, and give to the plaintiff the sum of one hundred dollars in addition thereto, and said he would take said money and notes by way of compromise and in full satisfaction for said alleged crime; and the defendant says he had never committed any such act

or crime as that with which the plaintiff then charged him, but being in a very weak and feeble condition, as before stated, and being by said plaintiff put in great fear of bodily harm at the hands of said plaintiff, he signed said notes under said threats, and at the same time told said plaintiff that he had no hundred dollars to pay him ; and defendant says that the plaintiff wickedly and fraudulently, by conniving and conspiring with one John Couch, the plaintiff's brother-in-law, to cheat and defraud the defendant, caused said Couch to then and there approach the defendant and offer to loan him the one hundred dollars demanded by the plaintiff, and to urge him to take the same and to accede to and comply with the demands of the plaintiff ; and the defendant says that being so restrained and harassed, and put in fear by said plaintiff and said Couch so conspiring as aforesaid to cheat and defraud the defendant, he did, influenced by said restraint and fear of bodily harm, accept the loan of said one hundred dollars as aforesaid, which he paid to said plaintiff, and, influenced, restrained, and fearing as aforesaid, he did at the same time execute said notes, though protesting at the time against the harsh and wrongful measures used against him ; wherefore the defendant says said notes are without any legal or valid consideration whatever. Prayer for judgment for the one hundred dollars, with interest, etc.

3. For answer to the third and fourth paragraphs of the complaint, the defendant pleaded a general denial; and for a fourth paragraph he pleaded matters amounting to a denial of any consideration for the promises alleged in those paragraphs.

The plaintiff demurred to the first, second, and fourth paragraphs of the answer separately, and the demurrers were all overruled. Reply by a general denial. Trial by a jury, and verdict for the defendant.

A motion for a new trial was made by the plaintiff, and overruled by the court. Final judgment for the defendant.

The errors assigned question the correctness of the rulings of the circuit court in overruling the demurrers to the first,

second, and fourth paragraphs of the answer, and in refusing to grant a new trial.

The objection urged by counsel for the appellant to the first paragraph of the answer is thus stated: "The objection to the first paragraph is, that it purports to be a plea of no consideration, but the language employed by the pleader is insufficient to make that defence. The language is, that ' said notes were given without any legal or valid or valuable consideration.' This language fairly implies that there was in the mind of the pleader a consideration of some kind, but that, in his judgment, it was neither legal, valid, nor valuable. He has, therefore, stated his legal conclusions to the court instead of stating the facts and allowing the court to exercise its prerogative of drawing the legal conclusions therefrom." If there was no legal, valid, or valuable consideration for the giving of the notes, they are invalid. Considerations are said to be either good or valuable. A valuable consideration is necessary to support an executory contract, and give a right of action thereon. The answer alleges that there was no valuable consideration. There was nothing about which to be more specific. *Webster* v. *Parker*, 7 Ind. 185.

We think counsel is correct in saying that the second paragraph is not a defence of fraud or want of consideration. It must be sustained as a paragraph relying upon duress, or not at all. Counsel make several objections to this paragraph of the answer. It is urged that it is not denied that Wesner was an officer, having full power to arrest and imprison the defendant, or that the representations concerning his power and authority to arrest were not true ; that the natural inference is that he was an officer, armed with a writ for the arrest of the defendant on a civil process growing out of the wrong to the plaintiff's wife; and it is insisted, if such was the case, the threatened arrest was legal, being by virtue of legal process, and would not therefore amount to duress. It is further urged that the paragraph does not deny that the defendant produced the abortion with which he was charged ; that he simply alleges " that he never committed any such crime ;" that he might,

nevertheless, have been guilty of producing the abortion through ignorance, negligence, unskilfulness, or the like, without being guilty of a crime; and still be liable in a civil action for damages. It may be remarked with reference to this last objection, that counsel has fallen into an error in giving the language of the pleading. The language is, that he had never committed any such " act or crime." It is further urged that if it can be understood, from the conclusion of the paragraph, that the threat of imprisonment had reference to unlawful imprisonment, it does not appear that he executed the notes, etc., from fear of imprisonment, but because " he was put in great fear of bodily harm at the hands of said plaintiff," and that he has failed to show that any such bodily harm was offered by the plaintiff.

The defence of duress is of less frequent occurrence now than formerly, and hence not many cases have been decided by this court involving the question. To give validity to a contract, the law requires the free assent of the party who is to become chargeable thereon ; and it therefore avoids any promise extorted from him by terror or violence, whether on the part of the person to whom the promise or obligation is made, or on that of his agent. Contracts made under such circumstances are said to be made under duress. 1 Chitty Con. 269, 11th Amer. ed.

Duress is of two kinds ; duress of imprisonment, where a man actually loses his liberty ; and duress per minas, where the hardship is only threatened and impending. 1 Bl. Com. 131. Either kind of duress, while it does not render the contract absolutely void, will yet enable the party so under duress to avoid it at his option. The party practising the duress cannot take advantage of it. The imprisonment may be in a common prison, or it may be elsewhere. It appears to have been the rule that the imprisonment must have been unlawful, or, if lawful, undue force must have been used, or the party made to endure unnecessary privation, such as want of food, or the like, and he must have entered into the contract

to obtain his liberty or to avoid such illegal hardship or privation. The mere fact of imprisonment was not deemed sufficient to avoid an agreement obtained through the medium thereof, if the party was in proper custody under the regular process of a court of competent jurisdiction.

Mr. Chitty expresses the opinion that it would be considered that an agreement made while the party was in confinement, in a civil action, regular in form, upon an arrest for a debt, without probable cause, would not be void on the ground of duress. The rule has not been laid down in the American cases quite so strongly against the defence. The following rules would seem to be supported by the authorities:

1. Where there is an arrest for improper purposes, upon valid process.

2. Where there is an arrest for a just cause, but without lawful authority; or,

3. Where there is an arrest for a just cause, and under lawful authority, for an improper purpose, and the party executes an instrument or pays money to free himself from the arrest, he may avoid the instrument or recover back the money paid. *Meadows* v. *Smith*, 7 Ire. Eq. 7; *Watkins* v. *Baird*, 6 Mass. 506; *Richardson* v. *Duncan*, 3 N. H. 508; *Nelson* v. *Suddarth*, 1 Hen. & Munf. 350; *Severance* v. *Kimball*, 8 N. H. 386; *Fisher* v. *Shattuck*, 17 Pick. 252; *Foss* v. *Hildreth*, 10 Allen, 76; *Hackett* v. *King*, 6 Allen, 58; *Brooks* v. *Berryhill*, 20 Ind. 97, and cases cited.

If a person, under a legal arrest, make an agreement to pay a debt, he cannot avoid it on the ground of duress. *Shephard* v. *Watrous*, 3 Caines, 166; *Crowell* v. *Gleason*, 1 Fairf. 325; *Meek* v. *Atkinson*, 1 Bailey, 84; *Bowker* v. *Lowell*, 49 Me. 429.

If a party execute an instrument from a well-grounded fear of illegal imprisonment, he may avoid it on the ground of duress. *Alexander* v. *Pierce*, 10 N. H. 494; *Worcester* v. *Eaton*, 13 Mass. 371; *Whitefield* v. *Longfellow*, 13 Me. 146; *Eddy* v. *Herrin*, 17 Me. 338; *Foss* v. *Hildreth, supra; Foshay* v. *Ferguson*, 5 Hill N. Y. 154; *The Town of Princeton* v. *Vierling,*

40 Ind. 340 ; *Bennett* v. *Ford*, 47 Ind. 264 ; *The Town of Ligonier* v. *Ackerman,* 46 Ind. 552.

Under these rules, the answer in question would seem not to be liable to the first objection urged against it.

It is alleged that the defendant had not been guilty of any such act or crime, and consequently had the officer been in possession of a writ for his arrest, at the instance of the plaintiff, and had the arrest been made, it would have been illegal within the rules above laid down. For the plaintiff to have caused the arrest of the defendant, when he was innocent of the charge made against him, would, as between them, have been in this sense an illegal arrest, although the officer might have had a writ which, in form, authorized the arrest.

As to the other ground of objection to the answer, we think, taking the answer altogether, it sufficiently appears that the notes were executed and the money paid by the defendant in order that he might be relieved from the threatened arrest.

We see no objection to, nor any use for, the fourth paragraph of the answer. It is not usual or necessary to plead a want of consideration for an oral promise, after pleading a general denial. Under the general denial, the plaintiff was bound to prove a consideration for the promise.

There is no bill of exceptions in the record, and, therefore, we can decide nothing with reference to the overruling of the motion for a new trial.

The judgment is affirmed, with costs.

Opinion filed November term, 1874; petition for a rehearing overruled. May term, 1875.