McFall *et al. v.* The Howe Sewing Machine Company.

No. 10,663.

McFall et al. *v.* The Howe Sewing Machine Company.

PRACTICE.—*Harmless Error.*—A refusal to strike out part of a pleading is not available error.

BOND.—*Breaches of.—Pleading.—Practice.*—In a suit upon a bond with conditions, several separate breaches may be assigned in a single paragraph of complaint, and demurrers may be addressed to single breaches.

SAME.—*Construction.—Principal and Surety.—Notice.*—A bond with sureties, to secure the fidelity of an agent, stipulated that it should continue in force till terminated by notice in writing, signed by all the obligors. Such notice signed by one of the sureties was given.

*Held,* that the notice did not terminate the liability of any of the obligors.

SAME.—*Bond of Agent.—Evidence.*—Where a bond is executed to secure the performance of duty as agent in a specified business, and to secure from him a due accounting for all money received in such business, it is necessary for the obligee in a suit on the bond to show by evidence a breach of duty in the business designated in the bond or a failure to account for money received in the course of such business.

From the Monroe Circuit Court.

*W. H. Martin, S. D. Luckett, G. W. Friedley, E. D. Pearson* and *N. Cooke,* for appellants.

*M. F. Dunn, G. G. Dunn, G. Carter* and *J. N. Binford,* for appellee.

ELLIOTT, J.—Appellee's complaint is founded on a bond executed by McFall and Allen as principals, and the other appellants as sureties.

A motion was made by appellants to strike out part of the complaint, and the ruling denying it is assigned for error. It is well settled that an error in overruling a motion to strike out part of a pleading will not warrant a reversal.

A complaint on a bond may assign several breaches in one paragraph. In such a case, there is only one cause of action, and that is the bond upon which the pleading is based. There was, therefore, no error in overruling the motion to compel the appellee to separate the complaint into paragraphs.

The complaint is certainly good on demurrer, for it entitles

the plaintiff to some relief, and a complaint which does this can not be overthrown by a demurrer.

Where several breaches are assigned, and they are distinct and independent, demurrers may be addressed to each breach. The general rule is that parts of a paragraph can not be demurred to, but our cases recognize as exceptions to this rule cases where there are separate and distinct assignments of breaches. *Colburn* v. *State, ex rel.,* 47 Ind. 310; *Richardson* v. *State, ex rel.,* 55 Ind. 381. If, however, there is one good assignment of breach, and the demurrer is addressed to the entire complaint, it should be overruled.

The bond in suit provides, among other things, that " It shall continue in force until terminated by the obligors by notice in writing, and that " no notice shall have the effect of terminating the bond unless it be in writing, signed by the parties giving the same and actually delivered to the company at Indianapolis, Indiana. Notice was given by Heitzer, one of the sureties, in his own behalf, and this notice is relied on in his separate answer as releasing him, and in the joint answer of the sureties as releasing all of them.

It is plain from the context that the provision concerning the termination of the bond by notice refers to the sureties, and not to the principals, and we have no difficulty in deciding that it is only the former who are entitled to terminate the contract by the notice provided for in the instrument.

There are three questions discussed. Does the notice release Heitzer alone? Does it release all of the sureties? Does it release any of them? If the letter of the writing is followed, it is clear that the notice, to be effective, must be on behalf of all the sureties, for plural and not singular terms are used. By keeping to the letter of the contract, no ·violence is done to the intention of the parties. It would be unjust to permit one of the sureties to escape by giving a notice in which his co-sureties did not join, for it would leave unshared the burden which at the outset was common to all. Nor would it be just to the obligee in such a case as

this to require him to act upon the notice given by one alone of several sureties, for, by the terms of his contract, he has a right to expect unity of action on the part of the sureties. Whether a surety might secure a release in some other method than that provided by the contract, is a question not before us, and upon which we intimate no opinion. Our conclusion is that notice given by Heitzer did not release the sureties, nor any one of them.

The evidence entirely fails to show that the indebtedness of the principals proved was covered by the bond. Where a bond is executed to secure the performance of duty as agent in a specified business, and to secure from him a due accounting for all money received in a designated business, it is incumbent on the obligee who sues on the bond to show a breach of duty in the business designated in the bond, or a failure to account for money received in the course of such business. In the present case, the evidence shows an indebtedness from the principal obligors, but it does not show that it was incurred in the business designated in the bond.

Judgment reversed.