Walker *v.* Larkin *et al.*

Filed. Feb. 3, 1891.

---

No. 14,726.

## WALKER *v.* LARKIN ET AL.

PRACTICE.—*Motion to Strike out Pleading.*—*Harmless Error.*—Overruling a motion to strike out parts of a pleading is not available error.

SAME.—*Contract.*—*Parol.*—*Presumption.*—A contract not alleged to be in writing is conclusively presumed to rest in parol; and available error can not be predicated on the overruling of a motion to make a complaint on contract more specific by alleging whether the contract was in writing or by parol.

LIFE INSURANCE.—*Insurable Interest.*—A creditor has an insurable interest in the life of his debtor.

SAME.—*Judgment Debtor.*—*Assignment of Policy.*—*Duress.*—*Estoppel.*—Where a debtor assigns a policy of insurance on his life to his creditor to secure a debt, and acquiesces in the assignment for many years, taking no steps to avoid it, and knowing that it was necessary to pay the premiums to keep it alive, he can not, in a suit on the policy, avoid the assignment on the ground of duress.

STATUTE OF LIMITATIONS.—*Life Insurance.*—*Payment of Premiums.*—*Repayment out of Proceeds.*—Where the insured assigns a policy of life insurance to a creditor to secure his debt, on which the assignee is to pay the premiums, which are to be repaid out of the proceeds of the policy, the fact that he paid such premiums more than six years before the policy matured, or before the commencement of the suit thereon, does not bar his right to apply the money when collected to a repayment of such premiums, the six years' statute of limitations having no application to such a case.

From the Orange Circuit Court.

*G. W. Friedley, J. Giles* and *W. H. Edwards,* for appellant.

*M. F. Dunn* and *G. G. Dunn,* for appellees.

COFFEY, J.—This was an action instituted by the appellees in the Lawrence Circuit Court against the appellant and the Northwestern Mutual Life Insurance Company, on a policy of insurance issued on the life of the appellant. The insurance company, upon a proper pleading for that purpose, was permitted to pay into court the amount due on the policy of insurance, and was discharged.

The venue of the cause was changed to the Orange Circuit Court, where the appellees filed an amended complaint, which alleges, substantially, that the insurance company issued to the appellant the policy of insurance in suit for one thousand dollars on the 17th day of December, 1867, payable in nineteen years from date, in consideration of the payment of twenty-five dollars and thirty-three cents, and the quarterly payment of eleven dollars and thirty-six cents for a period of nineteen years; that, on the 31st day of January, 1870, the appellant assigned said policy to the appellees to secure the payment of two judgments against him in favor of the appellees, at which time it was agreed that the appellees should pay the premiums thereafter to accrue on said policy, and should be paid out of the proceeds of said policy, when collected, the amount of said judgments, and should be repaid the amount of the premium so paid by them, with the interest thereon ; that they paid premiums to the amount of $800, which, together with said judgments, amounts to the sum of $1,070.59, which sum exceeds the amount due on the policy ; that by reason of these facts the appellant has no interest in the money paid into court by the insurance company.

The court overruled a motion, made by the appellant, to strike out so much of the complaint as alleged the payment of premiums by the appellees. It also overruled a motion to compel the appellees to make the complaint more specific, by alleging whether or not the agreement to pay premiums was in writing.

The court also overruled a demurrer to the complaint, and appellant excepted.

These several rulings are assigned as error.

Overruling a motion to strike out parts of a pleading is not available error. *Keesling* v. *Watson*, 91 Ind. 578; *McFall* v. *Howe, etc., Co.*, 90 Ind. 148; *Losey* v. *Bond*, 94 Ind. 67; *Morris* v. *Stern*, 80 Ind. 227.

The complaint is sufficiently definite in. the matter of which complaint is made. A contract not alleged to be in writing is conclusively presumed to rest in parol.

The only objection urged to the complaint is that it does appear therefrom that the appellees had an insurable interest in the life of the appellant.

It appears from the complaint that the appellant was indebted to the appellees in the sum of one hundred and eighty-nine dollars, the amount of two several judgments in their favor against him. The policy was assigned to them as collateral security for the payment of these judgments. The authorities all agree that the creditor has an insurable interest in the life of his debtor. *Amick* v. *Butler*, 111 Ind. 578. In that case it was said by this court: "That a creditor has an insurable interest in the life of his debtor has never been controverted."

The court did not err in overruling the demurrer of the appellant to the complaint.

The appellant filed an answer in six paragraphs.

The third paragraph avers, substantially, that the assignment of the policy in suit was procured as follows: That the appellees, to induce the appellant to assign the same, charged him with being guilty of some crime, or with being about to leave the State of Indiana with the intent to defraud creditors, or some offence against the laws of the State of Indiana, the nature of which offence he is not now able to give, as the record of such proceeding has been totally destroyed; that they had him restrained by force of his liberty, and threatened to have him arrested, and did have him

under arrest, and threatened to have him imprisoned on some charge ; that at the time he was under such arrest and restrained of his liberty, he was sick and unable to see or employ counsel or to look after his case, and the appellees threatened to have him thrown into prison if he did not execute said assignment ; that to free himself, and to avoid arrest and imprisonment, and without any consideration therefor, and against his will, he signed said assignment ; that he was wholly innocent of said charge, and the same was made without any foundation in fact.

The sixth paragraph of the answer set up the six years' statute of limitations as to the premiums paid by the appellees on the policy of insurance.

The court sustained a demurrer to each of these answers, and the appellant excepted.

It is well settled that an executory contract, executed by one under duress, or under illegal arrest, to obtain his release from such arrest may be avoided by the person so executing the same. So if a person executed an instrument from a well-grounded fear of illegal imprisonment, he may avoid it on the ground of duress. *Rush* v. *Brown*, 49 Ind. 573 ; *Town of Princeton* v. *Vierling*, 40 Ind. 340 ; *Bennett* v. *Ford*, 47 Ind. 264 ; *Town of Ligonier* v. *Ackerman*, 46 Ind. 552.

But if a person under legal arrest makes a promise to pay a debt, he can not avoid it on the ground of duress. *Shephard* v. *Watrous*, 3 Caines, 166 ; *Bowker* v. *Lowell*, 49 Maine, 429.

In this case the answer attempting to set up duress is very uncertain and indefinite. It avers that the appellees charged the appellant with being guilty of some crime, or with being about to leave the State of Indiana with intent to defraud creditors, or some offence against the laws of the State of Indiana, the nature of which offence he is unable to give. The appellant seems to entertain as much doubt upon the question as to whether he was under arrest, or whether an

arrest was only threatened, as upon the nature of the charge against him. The answer, in our opinion, is too uncertain and indefinite to present any question for the consideration of the court.

A pleading, to be good, should be certain to a common intent, at least.

The answer admits that the appellant owed the judgments set up in the complaint, and that the appellees had paid to the insurance company a large sum of money to keep the policy alive, and it does not aver that any steps were taken by the appellant to avoid the assignment at any time before the commencement of this suit. Duress does not render a contract absolutely void, but will enable a party so under duress to avoid it at his option. The appellant having acquiesced in the assignment of the policy in suit for many years, taking no steps to avoid it, knowing that it was necessary to pay the premiums in order to keep it alive, should not be heard to say now that the assignment was not valid. In our opinion the court did not err in sustaining a demurrer to this answer.

The six years' statute of limitations has no application to the case. In the event the appellant lived, the policy was not payable until the expiration of nineteen years from its date. The premiums paid by the appellees were to be repaid to them out of the proceeds of the policy when collected.

The fact that they paid such premiums more than six years before the policy matured, or before the commencement of this suit, would not bar them of their right to apply the money, when collected, to a repayment of such premiums.

The court trying the cause made a special finding of the facts proven, and stated its conclusions of law thereon. The facts found are substantially the same as those alleged in the complaint.

It appears from the finding of facts that the amount paid into court by the insurance company was $731.34. The

amount due the appellees on account of their judgments and on account of premiums paid by them, with the interest thereon, was at the time of the trial of this cause $1,071.22.

The court stated as a conclusion of law that the appellant had no interest in the money paid into court by the insurance company in discharge of the policy. We do not think the court erred in this conclusion.

Some other questions are presented by the record in this cause which we have duly considered, but as they do not affect the merits of the controversy between the parties they need not be stated in this opinion.

There is no available error in the record.

Judgment affirmed.

Filed Feb. 3, 1890.