1828.

Toppan
v.
Heath

---

### *Toppan *v*. Heath. [*293]

Where two parties submit their differences to arbitrators, and agree to make the admission a rule of court, in a court of common law, pursuant to the act for determining differences by arbitrators, (1 R. L. 125,) the Court of Chancery will not entertain jurisdiction to set aside the award, unless injustice would be done.[3]

Dec. 6th.

THIS was a motion to dissolve an injunction on bill and answer.  A difficulty having arisen between the parties relative to the contract for building the Arcade, in the city

[3] *Campbell* v. *Western*, 3 Paige, 124; 2 R. S. (4th ed.) 775, sec. 10, 11.

1828.

Toppan
v.
Heath.

of New York, they submitted the same to arbitrators, and agreed that the submission should be made a rule of the Court of Common Pleas in that city. On the 31st of May, 1827, the arbitrators made an award against Toppan for the payment of $2,202 89, of which he received a duplicate the following day from one of the arbitrators. A suit was afterwards commenced by Heath to recover the amount of the award, whereupon the complainant filed his bill, alleging sundry irregularities on the part of the arbitrators, and particularly that they examined a witness without oath, and in the absence of Toppan; on which bill a preliminary injunction was obtained. The defendant having put in his answer, a motion to dissolve the injunction was made and argued before the late Chancellor; but as the answer had been excepted to, the motion was denied. The exceptions having since been answered, the motion was now renewed.

*T. H. Flandereau*, for the complainant.

*H. Bleecker*, for the defendant.

THE CHANCELLOR :—It appears by the answer of the defendant, that at the next term after making the award, the complainant applied to the New York Common Pleas to set aside the same, in pursuance of the provisions of the statute; and that afterwards, upon hearing the case upon the merits, the application was denied, with costs. This allegation in the answer not being responsive to any thing contained in the bill, I have not taken it into consideration [*294] on this *motion, but have considered the question as if the complainant had neglected to apply to that court for relief.

The principles on which a court of equity relieves against an award of arbitrators, are pretty well settled and understood; and this court has frequently had occasion to advert to them; (*Herrick* v. *Blair*, 1 John. Ch. R. 101; *Woodworth* v. *Van Buskirk*, id. 432; *Shepherd* v. *Merrill*, 2 John. Ch. R. 276; *Todd* v. *Barlow*, id. 551.) And in the case of

*Van Cortlandt* v. *Underhill*, (17 John. Rep. 405,) Spencer and Yates, Justices, and Allen, Senator, who delivered opinions in the Court of Errors, went into the subject at length. The same questions are also ably examined by one of the judges of the Court of Appeals in South Carolina, in the case of *Shinnie & Loomis* v. *Coil*, (1 M'Cord's Ch. R. 478.) It would therefore be useless for me to go over that ground. Neither is it necessary to the decision of this motion, that I should compare the facts stated in the bill and admitted by the answer, with the principles which have been sanctioned in the cases referred to, although upon such examination it might appear that the alleged irregularities in this case were not sufficient to vitiate the award, as I prefer placing the decision of the court upon the other question which has been raised by the counsel on the argument.

Ought this court to entertain jurisdiction to set aside an award of arbitrators, where the parties have expressly agreed that the submission shall be made a rule of another court, " to the end that all the matters in difference between them shall be finally concluded by such arbitration, in pursuance of the act for determining differences by arbitration," (1 R. L. 125,) and where there is no pretence that such court was not fully adequate to give the relief sought? especially when there is no allegation that the complainant has been deprived of his remedy in that court by any mistake, fraud or accident?

The first case I have been able to find in the English reports is *Simmons* v. *Mullins*, in the Exchequer. (Bunb. R. 182.) That appears to have been the case of a common injunction, obtained on the allowance of exceptions to an insufficient answer. If so, it was granted as a matter of *course, without inquiry into the equity of the bill on which it was founded. An application was afterwards made for leave to proceed and examine the complainant on interrogatories in the King's Bench, of which court the award had been made a rule. The application was granted,

1828.

Toppan
v.
Heath.

[*295]

and a strong intimation was given against the proceeding in equity, although the question of jurisdiction does appear to have been distinctly raised.

A few years afterwards, the case of *Allardes* v. *Campbell*, (Bunb. 265,) came before the same court, and the question was distinctly raised by the defendant's plea; but the judges were divided in opinion, and finally the plea was ordered to stand for an answer. That case does not appear to have again come before the court.

In the case of *Lord Lonsdale* v. *Littledale*, (2 Ves. jun. 450,) Lord Rosslyn expressly declares that the jurisdiction of the Court of Chancery is not barred by a reference under the statute. But the case before him was an award in a cause pending, which he admitted was not within the statute. The opinion was, therefore, uncalled for and extra judicial; and it has not been sanctioned by subsequent decisions. The same remarks may be applied to the dictum of Sir Thomas Plumer, in *Steff* v. *Andrews and wife*, (2 Mad. Rep. 6,) in which case he expresses an opinion that the Court of Chancery has jurisdiction, if the submission has not actually been made a rule of court. But he admits if it had been made a rule of court, in pursuance of the agreement, Chancery could not interfere.

The question came before Lord Eldon in *Nichols* v. *Chalie*, (14 Ves. 265,) and after expressing very strong doubts as to the authority of the court to interfere, he denied the application for an injunction, but left this question undecided.

Afterwards, in the case of *Gwinnett* v. *Bannister*, (14 Ves. 530,) the same point came again before him, on a bill filed to set aside an award upon a submission which had been made a rule of the Court of King's Bench. He then decided that the court had not jurisdiction, and stated that he had consulted with some of the judges on the subject, and that they agreed with him in opinion.

[*296]     *The question was afterwards fairly presented at the Rolls, in the case of *Goodman* v. *Sayers*, (2 Jac. & Walker,

249,) but was not noticed by the defendant's counsel or the court, and the bill was dismissed on other grounds. But in *Davis* v. *Getty and others*, in June, 1823, (1 Simons' and Stewart's Rep. 411,) the precise question presented by the complainant's bill in this cause came before Sir John Leach; and he decided that where there was an agreement that the submission should be made a rule of a court of common law, Chancery had no jurisdiction to relieve against the award, although the complainant had lost his remedy in the common law court, the time limited by the statute having elapsed. In delivering the opinion of the court, the Vice-Chancellor says, "I consider it to be the duty of the party who means to complain of the award, to make the submission a rule so as to give the proper court jurisdiction; and that if he fail to do this in due time, he cannot, by his own default, create a new jurisdiction in this court, and defeat the limitation of time fixed by the statute."

In December of the same year, the case of *Dewson* v. *Sadler* (1 Simons & Stewart, 537) came before the same court. In that case, the agreement was that the submission might be made a rule of the King's Bench or Court of Chancery. The complainant filed his bill in the latter court, within the time prescribed by the statute for making the submission a rule of court, and gave notice of a motion for an injunction. Two days after, and before the motion could be made, the defendant caused the submission to be made a rule of the King's Bench, and showed that for cause against the application. It was, thereupon, again decided that no court but that of which the submission was made a rule, had jurisdiction to set aside an award under the statute; and that filing a bill was not equivalent to making the submission a rule of the Court of Chancery, because the object of the statute was to create a summary jurisdiction for the decision of such causes.

Our statute is substantially the same as the 9th and 10th William 3, ch. 15. The object of the second section undoubtedly was, as suggested by Sir John Leach, to afford

a summary method of deciding upon the validity of awards, *where the parties had consented in their agreement of submission to refer the question to such a tribunal. The limitation in that section of the statute seems to be entirely useless, if the party in whose favor an award is made is still to be subjected to the expense and delay of a protracted Chancery suit.

I am aware that the mode of examining the defendant on oath as practised in this court, is sometimes of essential benefit to the complainant in eliciting facts which possibly the party might not be able to discover by the summary method of proceeding to set aside the award. When the submission is made a rule of court, the statute has not prescribed the mode of proceeding to ascertain the facts; and perhaps the court might, on a proper cause being presented upon affidavit, order the defendant to answer on oath as to any matters alleged to be within his knowledge only. But even if this were not the case, the privilege of compelling an answer on oath in this court, is one which the party, under the provisions of the statute may consent to waive; and for this he receives an equivalent in the saving of time and expense, and the privilege of selecting his own judges to determine the controversy in the first instance, and also the tribunal by which their proceedings are to be reviewed.

I am not prepared to say this court will in no case take cognizance of a cause where the parties have agreed to make their submission a rule of some other court. Although a party may not be compelled, in consequence of an antecedent agreement, to submit to palpable injustice, yet when he has made an agreement under the sanction of a legislative enactment, to submit his rights to a particular forum, and to a particular mode of proceeding, if he applies to be relieved from the effect of that government, he ought at least to show that injustice would probably be done were he compelled to submit his rights to the adjudication of the forum which he had selected for that purpose.

In this case, there is no pretence in the complainant's bill that the Court of Common Pleas was not fully adequate to grant the relief sought; and if, as appears by the answer, he has made his application there, and that relief has been *denied, I am bound to presume it was because he had no merits in his case, as that court had authority to set aside the award for any of the causes mentioned in the bill, on which this court would be authorized to grant similar relief. The injunction must, therefore, be dissolved.