## SMITH vs. CUTLER.

This court will not intermeddle with an *award* of arbitrators *upon the merits,* except to modify it where there is an evident miscalculation of figures, or mistake in the description of the person, &c.

The revised statutes have not changed the law as to the power of this court to set aside an award in respect to the conduct of the arbitrators ; formerly, as well as now, an award might be set aside for partiality or corruption in the arbitrators.

The terms *misconduct* and *misbehaviour,* used in the statute, imply a *wrongful intention,* and not a mere *error in judgment* on the part of the arbitrators.

A motion to vacate or modify an award should regularly be made at a *special term,* after the publication of the award and *before the next regular term ;* but if made at such term, although the party will not be allowed to discuss it, it will save his rights.

THIS was a motion to *vacate* or *modify* an *award of arbitrators* made on the *ninth* day of *August* last. The award was against Smith, who gave notice of a motion to vacate or modify, to be made at the last *general term,* i. e. the *October term.* Cutler obtained a rule for costs for appearing to oppose, the court refusing to hear the motion at the general term, it being *non-enumerated* business. Smith renewed his motion at this day, and it was now objected by Cutler that the court could not entertain jurisdiction of the case, as the statute required that the application should be made at the *next term* after the publication of the award, 2 *R. S.* 542, § 12 ; and it was argued that a *special term* being the proper time for the hearing of such motions, the application should have been made at a special term in August. This objection was met by the excuse that the party, under a misapprehension of the practice that the motion ought to be made at a *general term,* and not

November 21.

at a *special term* of this court, had noticed the case for the *October term*. The objection was overruled. The motion was then heard on the facts which transpired before the arbitrators, the party insisting that the award was not *warranted* by the evidence. In opposition to which it was urged that this court have not the power to review a case upon the merits, when heard by arbitrators ; that the powers of the court are defined by the statute, 2 *R. S.* 542, § 10, 11, 12, and cannot be extended to a case like the present.

*S. Cheever*, for Smith.

*I. L. Wendell*, for Cutler.

*By the Court*, SAVAGE, Ch. J. The court have power to *vacate* an award, 1. If procured by corruption, fraud, or other undue means ; 2. If there was corruption in the arbitrators or either of them ; 3. If the arbitrators were guilty of *misconduct* in refusing to postpone the hearing for good cause, or in refusing proper evidence, or other *misbehaviour* affecting the rights of either party ; 4. If the arbitrators exceeded their powers, or the award is not final ; and the court have power to *modify* the award, 1. Where there is an evident miscalculation of figures, &c. ; 2. Where the arbitrators have awarded out of the submission, &c. ; 3. Where the award is imperfect in form, not affecting the merits. Before the revised statutes, it was well settled that an award could not be set aside in this court, unless for corruption or misconduct in the arbitrators. The revised statutes do not seem to have altered the law in that respect. The court may now vacate the award, if procured by corruption of the party or any other person, or if there was partiality, corruption or misconduct in the arbitrators ; thus far clearly excluding *an error of judgment* in the arbitrators. The terms misconduct and misbehaviour, as used here, are not applicable to a mere error in judgment, but imply an intention to do wrong. In the 4th sub. of § 10, the power to vacate is given, where the arbitrators have exceeded their powers or imperfectly executed them, whether honestly or dishonestly. The legislature seem cautiously to guard against

any intermeddling with an award upon the merits. Where the court have power to modify, it is only with an intent to perfect what was imperfectly attempted to be done by the arbitrators. Unless in the case of a miscalculation of figures, the court can make no modification *affecting the merits*. It could never have been the intention of the legislature that this court should sit in review upon the decisions of all the arbitrators in the state ; if such had been their intention, they would have provided some writ of review or writ of error. It was intended to give relief in cases of corruption or improper conduct on the part of the arbitrators or parties, or where there was a want of jurisdiction, or the award was not final, but in no other case. The object of this application is to review the acts of the arbitrators upon the merits. There is no pretence of any misconduct, except the errors in judgment of the arbitrators, and therefore we have no right to interfere with them.

A question was raised whether this motion was made in time. The statute says the application shall be made *at the next term* after the publication of the award. This application was so made, and though, by the present practice of the court, it could not then be discussed, the party was in season and should not lose his rights. The motion should properly be made at some *special term* after the publication of the award, and *before the next regular term ;* but if made at *such term,* it is in time to save the party's rights. When the statute speaks of *terms,* the terms constituted by law are meant, and not *special motion days,* to which have been given the designation of special terms.

Motion denied, without costs.