KETCHAM and others *vs.* WOODRUFF, executor, &c.

24b    147
169 NY¹499

24b    147
38 Mis¹585

The power of the supreme court to review or vacate an award made under a submission pursuant to the statute, (2 *R. S.* 541, § 1,) is limited to that conferred by the plain words of the statute. The award is final in every case where there has not been either misbehavior or mistake, on the part of the arbitrators.

Thus where parties submitted a controversy to arbitration, by a submission which provided that a judgment of the supreme court should be rendered upon the award, and the arbitrator made his award in favor of the plaintiffs, and judgment was entered thereon ; and the defendant made no motion to vacate or modify the award for any of the causes specified in the statute, but appealed from the judgment; *it was held* that he could not review the award upon the merits, by serving a case which stated the testimony before the arbitrator, and his decisions thereon, and the defendant's exceptions thereto. All the testimony and the proceedings had before the arbitrator, at the hearing, were accordingly struck out.

THE parties submitted a controversy existing between them to arbitration ; and in the submission provided, pursuant to statute, (2 *R. S.* 541, § 1,) that a judgment of this court should be rendered upon the award made pursuant to such submission. The arbitrator made his award in favor of the plaintiffs, and judgment was entered up thereon in their favor, at a special term of the court held in Dutchess county. The defendant made no motion to vacate or modify the award for any of the causes specified in the 10th and 11th sections of the statute respecting arbitrations, (2 *R. S.* 542.) But he appealed from the judgment rendered at special term, to the general term ; and he served a "case," stating the testimony before the arbitrator, (who, in it, was called the referee,) and his decisions thereon, and the defendant's exceptions to such decisions, in the same manner as if he were moving to review the report of a referee appointed by the court in an action, pursuant to the code of procedure, and the rules of the court. The plaintiffs proposed as an amendment to the case, to strike out every thing but the judgment roll; that is, all the testimony and proceedings had before the arbitrator at the hearing.

*C. W. Sandford,* for the defendant.

*Geo. G. Reynolds,* for the plaintiffs.

BIRDSEYE, J.   The statute of 9 and 10 William 3d, ch. 15, which was substantially enacted in our state, by the act of February 28, 1791, (1 *R. L.* 125,) declared that the parties to an arbitration might provide in their submission, that it should be made a rule of court; and that the performance of the award might be enforced by attachment where the submission was made a rule of court; unless it should be made to appear on oath, to such court, that the arbitrators or umpire *misbehaved* themselves, or that such award, arbitration or umpirage was procured by *corruption* or other *undue* means.   Prior to these statutes, awards were not examinable into in a court of law, at all; and even in case of corruption, relief could be sought only in equity.   And after the statutes the power of a court of law was held only to extend to those submissions which were made a rule of court under the act.   (*See Emmet* v. *Hoyt,* 17 *Wend.* 413, *and authorities there cited.*)   The principle of these decisions was clear.   The parties having chosen judges of their own, and agreed to abide by their decision, were held to their agreement, and compelled to perform the award.   When the statute authorized the successful party to resort to the court for aid in enforcing obedience to the award, instead of relying upon the tedious and difficult remedy of action on the submission and award, the court were by statute vested with power to set aside any arbitration or umpirage, procured by corruption or undue means.   The power of the court was derived solely from the statute, and it was uniformly held to be limited to that conferred by the plain words of the statute.   Nothing but corruption or gross partiality would justify the court in interfering. (3 *John.* 369.   9 *id.* 212.)

The provisions of the 10th and 11th sections of the statute respecting arbitrations, somewhat enlarged the powers of the court in which judgment was to be entered upon the award.   But the terms of these sections, and the notes of the revisers there-

on, show that it was intended only to confer a limited authority upon the courts; and to make the award final in every case where there was not either misbehavior or mistake. Such has been the uniform construction put upon the revised statutes by the courts.

In *Smith* v. *Cutler*, (10 *Wend.* 589,) it was held that the court could not intermeddle with an award of arbitrators on the merits, except to modify it where there is an evident miscalculation of figures, or mistake in the description of persons, &c.; that the court had no power to correct an *error in judgment* in the arbitrator, but only such misconduct and misbehavior as implied an intention to *do wrong*. And it was said that it could never have been the intention of the legislature that this court should sit in review upon the decisions of all the arbitrators in the state. The same views were expressed in *Emmet* v. *Hoyt*, (*ubi supra*,) and the decision of arbitrators was held to be conclusive, as well in respect to questions of *law* as questions of *fact*.

The present application, it is conceded, is an attempt to review the decision of the arbitrator upon the merits. It does not proceed upon the ground of any misconduct, misbehavior or mistake. The remedy sought is not open to the party. The revised statutes do indeed provide for reviewing by writ of error the judgment upon an award, (2 *R. S.* 543, §§ 16, 17;) and it would seem that the present appeal is substituted for the old writ of error, where such a review is now sought. (*Code*, § 323.) For the proceeding by judgment upon an award was a special proceeding in a *civil case*. (*See the title to part* 3 *of the Revised Statutes,* 2 *R. S.* 164, *and the title to ch.* 8, *of part* 3 *of ditto,* 2 *R. S.* 444.) And the "civil case" of the third part of the revised statutes has, no doubt, now become the "action" described in subdivision 1, of section 1 of the code.

But upon the writ of error provided by the revised statutes, nothing could be reviewed except the decision of the court upon the application to vacate or modify the award. The statute clearly contemplates this, when in § 17 it provides, that when any writ of error shall be brought on such a judgment, certi-

fied copies of the original affidavits upon which any application in relation to such award was founded, and of all other papers relating to such application, shall be annexed to, and form a part of, and be returned with, the record of the judgment. The court to which the writ of error, (or, now,) the appeal shall be returned, is then to examine the decision made upon the application to vacate or modify the award. If the motion below was to vacate the award, and the appellate court sees that there was misconduct or misbehavior, the judgment will be reversed; otherwise it will be affirmed. If the application below was to modify or correct the award, and the appellate court perceives that there has been an evident mistake in a calculation or description; or that the award has fallen short or exceeded the submission, the judgment may be modified or amended, according to justice.

The defendant's proceeding in the present case for the purpose of reviewing the award of the arbitrator, is unauthorized by law, and the amendment proposed must be allowed, and the statement of the testimony before the abitrator, and his decisions thereon, and the exceptions thereto, must be stricken out.