## NEW YORK COMMON PLEAS.

ALEXANDER TURNBULL *et al.*, plaintiffs and respondents, agt. JOHN T. MARTIN, defendant and appellant.

An *award of arbitrators*, made without disagreement, should not be lightly disturbed —certainly not without some evidence of fraud, corruption, partiality or unfairness.

That the arbitrators received as testimony on the plaintiff's behalf some *ex parte* affidavits ; and that they refused to permit the defendant to inspect those parts of plaintiff's books in respect to which testimony was being given, are not sufficient grounds (even if not denied) to disturb the award.

*General Term, January,* 1869.
*Before Judge* DALY, *and Judges* BRADY *and* BARRETT.
The facts are sufficiently stated in the opinion.

A. J. VANDERPOEL, *for appellant.*
EDWARDS PIERREPONT and FOSTER & THOMSON, *for respondents.*

*By the court,* BARRETT, J. This case comes before us upon an appeal from a judgment entered on the award of arbitrators. The arbitration bonds were executed after the joining of issue between the parties in an action brought in this court. The dispute was in respect to a quantity of flannel, and the bonds provided for the submission of all the matters arising under the pleadings to two dry goods merchants, one chosen by each of the parties, with the additional proviso that the umpire, in case of disagreement, should also be chosen from among the dry goods commission merchants. The arbitrators were attended by the respective parties in person, and without counsel, and thus the whole matter was completely withdrawn from the court and placed exclusively in the hands of laymen, specially chosen by the parties from the

class most conversant with the subject matter of the controversy. The award was in favor of the plaintiffs, and was made without disagreement, and consequently, without the necessity of calling in an umpire. An award, under such circumstances, should not be lightly disturbed; certainly not without some evidence of fraud, corruption, partiality or unfairness. Nothing of the kind is suggested here, and the only grounds upon which a reversal is claimed are, first, that the arbitrators received as testimony on the plaintiff's behalf some *ex parte* affidavits, and, second, that they refused to permit the defendant to inspect those parts of the plaintiff's books in respect to which testimony was being given. These objections are not well founded in fact, as will presently be shown; but were they clearly established, the acts complained of do not amount to such misconduct or misbehavior as would justify us in setting aside the award. The statute, by these terms, " misconduct " and " misbehavior," (2 R. S., 542, sec. 10,) contemplates acts evincing unfairness, or contrary to all the principles of a just proceeding, such as those discountenanced in *Walker* agt. *Frobisher*, *(*6 *Ves., Jun.,* 70), and in *Knowlton* agt. *Mickles,* (29 *Barb.,* 465*)*, and not mere errors of judgment, however great. *(Smith* agt. *Cutler,* 10 *Wend.,* 589 ; *Ketchum* agt. *Woodruff,* 24 *Barb.,* 147 ; *Cranston* agt. *the heirs of Kenny,* 9 *Johns.,* 212 ; *Herrick* agt. *Blair,* 1 *Johns., ch. R.,* 101). Arbitrators are bound by no technical legal rules. They have a right to proceed informally and in such a manner as, without violating those self-evident and fundamental principles upon which every fair investigation must be conducted, best tend to enlighten their judgment and enable them, in their way, to arrive at the truth and merits of the controversy. The rule which would vitiate an award whenever affidavits are, although openly and without any unfair or dishonest purpose, received by the arbitrators and estimated according to the value which their judgment may place upon them, would produce the same result, were the decision par-

tially based upon a perso nal inspection, by the arbitrators themselves in the presence of both parties, of the goods or articles claimed to be inferior.    The short answer to all the arguments adduced in support of such a rule is, that the parties have agreed to remove their controversy from the regular tribunals where justice is administered in an orderly manner and in accordance with precise and well-settled rules, and have submitted to such judgment as their chosen mer-chant-peers may pronounce after a simple and informal in-vestigation, conducted according to the layman's ideas of common sense, and at which honesty and impartiality are alone contracted for or desired.    These views are based upon the assumed correctness of the facts stated in the defendant's affidavit.    His statements, however, are explicitly denied by the plaintiff, Turnbull, who explains that the affidavits were merely marked by the arbitrators for identification, and that the question whether they were to be entirely disregarded or received for what they were worth was reserved.    There is no evidence as to the final disposition of this question, and thus it does not appear that the affidavits were ever in reality considered.    The point in respect to the books is met by the same plaintiff, who states in answer to the averment upon that head in the defendant's affidavit, that the arbitra-tors did " allow him, (the defendant) if he wished, to inspect all the entries as to which evidence was given."    The re-maining objection, that the arbitrators refused to receive evidence on behalf of the defendant, as to the contents of the books, is not substantiated even by the defendant; for he merely says that he desired to introduce such evidence, without intimating, however, that he expressed his desire or that it was refused.    The judgment and order denying the motion to vacate the award should be affirmed with costs.