By the Court.—Sedgwick, J.
The various alleged errors will be considered in their order.
As to the first.
The arbitrator no doubt did, in the prefatory part of the paper, which contained the award, discuss such matters, and did find that, in respect of them, the plaintiff was in fault. No doubt they influenced his mind in making Ms decision. But the plaintiff must show that he had no right to consider them. All the presumptions are in favor of the award. There was an omission to show all the facts that were before the arbitrator. If evidence were given that, after the making of the contract, the plaintiff did certain things which the defendants maintained justified his discharge, or the rescinding of the agreement, the defendants were at liberty to show the purpose and character of such things, by proving that, before the making of the contract, the plaintiff had, while acting as agent, commenced a series of acts, which ended in an injury to the defendants, through the use of powers given by the contract, and yet in violation of its provisions. The plaintiff, by the contract of April, 1869, agreed to “devote his time and attention in a "faithful manner to developing and extending the business of the company.” The company had a right to show that he had not devoted his time in a faithful manner to their interests, but had sought Ms own instead. His former transactions were competent evidence on this point, and such former transactions could properly have been considered by the arbitrator. He did make such use of the occurrences before the contract, although in a certain way he disclaims passing upon the plaintiff’s intention, while he “decides upon the character of his acts.” As the plaintiff does not show that these things *375 were admitted before the arbitrator, by a clear and gross mistake of law, the award should not be set aside on that ground.
As to the second.
This does not correctly state the law, in so far as it includes the case of the officers of a company, by a wrongful combination with an agent of the company, allowing the latter to depart from his obligations. In such case it would be the duty of the officers to recede from their position, and to insist that the agent perform his contracts. But the arbitrator does not say the plaintiff was properly dismissed on these grounds alone. He says that these facts, and others which he alludes to, are “not an unfair presentation of a great mass of incidents brought out in the course of the arbitration.” The testimony as a whole, which we have not before us, may not only have shown other and sufficient evidence to support the arbitrator’s position and argument, but may have shown that the officers did not affirm the contract in face of the alleged breaches, excepting that officer who, as the arbitrator thinks, was acting wrongfully in connection with the plaintiff against the company.
As .to the third ground.
Even if there was error here, yet it is one that would not lead to a reversal, if it appeared on a bill of exceptions, or in a case. The form of the request, and what, the arbitrator said, does not present a legal exception, even if an award could be set aside for error simply.
As to the fourth ground.
The plaintiff has not affirmatively shown that the arbitrator committed a mistake in thus deciding. So far as the reasons for this conclusion were given, they tend to support it; and whether they were of themselves sufficient to that end, is unimportant, because the arbitrator shows that he relied on other facts. *376 What these other facts were does not appear, and we cannot presume, but it must be shown at least that the evidence, as a whole, was not sufficient. It is manifest that the contract was not incapable of rescission by the defendants, if the plaintiff had given a sufficient cause. for it.
As to the fifth ground.
It does not appear - that the arbitrator made this decision as a mere matter of law. His decision in this respect may have been from facts given in evidence; payments on account; a release ; a special agreement as .to them. Without having the same case before us that the arbitrator had before him, we cannot hold that it did nof justify his decision on these points.
It will be well right here to consider the effect of a certain stipulation made on the trial. The plaintiff claims the effect of such stipulation to be, that if the defendant could explain, qualify, or contradict those portions' of the proof before the arbitrator which were read in evidence on behalf of the plaintiff, by other portions of the proof before the arbitrator, the burthen of introducing such other proof fell on him.
The stipulation in question was, “that each party should read in evidence such portions of the testimony before the arbitrator as he desired to be in evidence in this case.” This stipulation did not .take from the plaintiff the burthen of sufficiently proving his case. If the omission of a part of that evidence from the plaintiff’s case constituted a defect in that case, there was nothing in the stipulation to prevent the defend-’ ants taking advantage of the defect.
As to' the sixth ground.
. The learned justice at special term found as a fact that this alleged error of the arbitrator was cured and waived by the plaintiff, by his subsequently, with knowledge of the fact, attending upon the arbitrator and allowing him to -proceed with his award to a final *377 decision, without having revoked or withdrawn from said arbitration, and that he is estopped by such action from alleging any error of the arbitrator in that respect.
The evidence upon which this finding was made was conflicting. The plaintiff testified, that the extracts from the books, were procured by the arbitrator, after the matters in controversy had been submitted for his determination. That they were so procured without the knowledge or consent of the plaintiff, and when procured, were objected to by him'.
But the arbitrator, who was examined as a witness, testified, that previous to sending for the extract, he •informed the plaintiff of his intention to do so ; that the plaintiff called several times to ascertain if they had been received. When they were received, the plaintiff saw and examined them.. He made no objection to their being received, but claimed the right of offering proof in refutation, which the arbitrator told him he should have, in the event of his, the arbitrator’s deciding to consider the extracts as evidence. Subsequently the arbitrator informed the plaintiff, that he had nottaken the extracts into consideration, and had wholly ignored them.
The evidence of the arbitrator was sufficient to justify the finding at the special term ; and as the learned justice must have disregarded the plaintiff’s evidence, we should not, upon well understood principles, disturb the conclusion, unless it is manifestly unsupported.
But independently of this, the plaintiff’s evidence, even if it was not contradicted, would not, in my opinion, furnish a sufficient reason for vacating the award.
A court of equity, following the statute (2 Rev. Siat. 542, § 10), will vacate an award for any misbehavior of the arbitrator, “by which the rights of any party shall have been prejudiced.” If the alleged *378 misconduct was of a nature not calculated to, or which did not in fact, influence the judgment of the arbitrator, it cannot be claimed, that any right of a party has been injuriously affected.
In Smith v. Cutler.(10 Wend. 589), the court say : “ The terms misconduct and misbehavior, as used here, imply an intention to do wrong.” Therefore, if it cannot be seen that there was such intention, no prejudice to the rights of the party can be claimed.
In Herrick v. Blair (1 Johns. Ch. 101), the arbitrators, after a witness had been examined, and they were left to deliberate, called the witness again, and without the presence or knowledge of the parties, examined him as to matters material to the controversy ; it was held by the chancellor, that nothing was done from which misconduct could be inferred.
It did not appear that the witness did more than to explain his former testimony, and the proceeding, although an irregularity, was considered too slight and immaterial to call on the court to interfere and set aside the award.
In Turnbull v. Martin (2 Daly, 428), it was objected that the arbitrators had received ex parte affidavits, but the court did not consider it such misconduct or misbehavior as would justify setting the award aside. And they say, that the statute by those terms, contemplates acts evincing unfairness, or contrary to all the principles of a just proceeding.
And in Wood v. Auburn & Rochester R. R. Co. (8 N. Y. 160-168), it was held that a charge of corruption or partiality of arbitrators, must be plainly made out. There it was proved, that the plaintiff had interviews and made statements to one of the arbitrators before he was chosen, calculated to favor his case. But it was considered insufficient to establish the charge.
The arbitrator not only informed the plaintiff that he should not consider the evidence, but testified that *379 lie did not consider it in making Ms award. This, if believed, must render the irregularity, if it was such, too slight and immaterial to justify any interference by the court.
The plaintiff failed, I think, to establish by proof that there had been any misconduct or misbehavior of the arbitrator by which the rights of the plaintiff were prejudiced. Nor was there any act of the arbitrator from which any such misconduct could be inferred. The burden of establishing this was upon the plaintiff, and having failed to do so, the judgment for the defendants was proper.
This court might have refused to entertain this action on the ground, that as the submission required the judgment on the award to be entered in the supreme court, the remedy should have been sought in that court (Toppan *. Heath, 1 Paige, 293). But the objection was not taken- below, and will not be considered here.
There were exceptions to evidence, which I have considered, but do not think any of them well taken.
The judgment should be affirmed, with costs.