## JOHN M. SWISHER vs. W. A. SAYLOR.

### SUPREME COURT, AUSTIN TERM, 1882.

*Arbitration—Mistake by Arbitrators may be corrected—When.*—A mistake or miscalculation in the award of arbitrators, not amounting to gross error, and which may be separate from the other findings, without affecting the award as to other matters, may be corrected by the court on the hearing of a notice to make the award the judgment of the court.

Appeal from the District Court of Travis county.—This is a case of arbitration and award under the statute. It involves the settlement and adjustment of accounts between Swisher and Saylor, growing out of a partnership in government contracts.

By an agreement, made conformably with the statute, each party selected an arbitrator, and the two so selected heard the evidence, stated the amount between the parties and made an award in favor of Saylor and against Swisher for $1734.40. The award was filed in the district court, and a motion made to enter it as the judgment of the court. To this motion Swisher filed objections, alleging gross errors in the award and partiality on the part of the arbitrators. On the hearing of this motion and the objections thereto in the court below, the judge heard all the evidence that was before the arbitrators, and, also, the statement of one of the arbitrators. The court, upon motion, filed special findings of fact, to the effect that all the matters in controversy between the parties had been fully considered by the arbitrators; that there was no gross error of law or of fact in the award; that no misconduct or partiality had been been shown, and that the findings of the arbitrators, being within the submission, would not be disturbed, no fraud having been charged.

Among other matters, the court specially finds as follows: "The overdraft items charged to Swisher is in excess by $84.50, $98 and $195.60; total, $378.10. These items of the aggregate amount are charged from the credit side of his bank account. The same sums were already charged in the drafts drawn against them. This, upon their own principles, was not contemplated, and was a mistake.

" This excess is clearly separable from the other findings by the arbitrators, and can be disregarded without affecting the action of the arbitrators upon other matters.

" The court does not assume to correct errors, if any, by the arbitrators, either of law or fact. Arbitration and action by them

upon any subject within the submission is allowed as final, there being no fraud charged.

"The award of the arbitrators will be made the judgment of the court, except as to $189.05, the excess in amount represented by the miscalculation referred to."

Oral opinion of the court by Chief Justice Gould.—The current of authority is to the effect that a mistake or miscalculation in the award of arbitrators, not amounting to gross error, and which may be separated from the other findings without effecting the award as to other matters, may be corrected by the court. There being no error in the action of the court below, the judgment is affirmed.

Authorities cited to support the ruling of the court: Chitty's General Practice, 114; Morse on Arbitration and Award, 332–453; Whitcher vs. Whitcher, 49 N. H., 176; Smith vs. Cutler, 10 Wend., 589.