IN THE MATTER OF THE ARBITRATION OF HIRAM POOLE, APPELLANT, *v.* BARTLETT S. JOHNSTON, RESPONDENT.

*Award — appeal from an order confirming the report of arbitrators, or from the judgment entered thereon — upon what papers it must be heard — no case can be proposed or served.*

An appeal from an order confirming the report of arbitrators, and from the judgment entered thereon, must be heard upon the same papers as were before the court at the time when the order was made and the judgment directed from which the appeal is taken.

A case forms no part of these papers, and none can regularly be proposed or served in any proceeding taken to make or review an application concerning an award.

The proceeding provided for vacating, modifying or correcting an award is a motion, to support which the affidavits or papers upon which it is intended to be founded must accompany the notice of motion, and from the order made thereon an appeal may be taken and heard upon the same papers upon which appeals from orders are heard in other cases.

MOTION to dismiss an appeal for a failure to serve printed papers, as that has been required by the general rules of this court.

In the spring of 1883 an appeal was taken in this matter from an order confirming the report of arbitrators and from the judgment entered thereon. At the October General Term a motion was made to dismiss the appeal upon the ground that no papers had been served as required by the general rules. Upon the hearing of this motion an order was made dismissing the appeal unless papers should be served within twenty days. Before the expiration of that time a proposed case was served, which was returned. No other papers having been served this motion was made at the next General Term for an order dismissing the appeal.

*Millet R. Jones*, for the appellant.

*Robert L. Harrison*, for the respondent.

DANIELS, J.:

In answer to the motion it has been shown that a case has been served containing proceedings before the arbitrators, to which amendments have not been proposed, and which has not been settled. If such a case is a proper proceeding to present the points upon which the appeal may be dependent, then the appellant is not in default; but if a case is not required then the rules of the court have not been complied with. By section 2381 of the Code of Civil Procedure, an appeal has been authorized from an order vacating an award, and from a judgment entered upon it, as from an order or judgment in an action, and the proceedings upon such appeal are declared to be governed by the provisions of chapter 12 of this Code as far as they are applicable. The provisions of section 1353 upon this subject do contemplate a case as one of the ordinary papers upon which a judgment shall be reviewed by way of an appeal. But those relating to and regulating proceedings upon arbitrations do not seem to have been framed with the intention of rendering the making and service of a case an

essential step in the way of reviewing an award of arbitrators. By sections 2374, 2375 the causes for which an award may be vacated, modified or corrected have been particularly specified, and they are identical with the law as it was previously contained in the Revised Statutes upon the same subject (3 R. S. [6th ed.], 844–5, §§ 10, 11), with one exception, and that is in the change made in subdivision 3 of section 11, to substitute the report of a referee for a verdict. Neither one of the grounds upon which either application can be made to vacate an award or to modify or correct it, requires the preparation or service of a case. For neither has conferred upon the court the authority to review the evidence taken before the arbitrators, or to determine whether or not they may have given to it its appropriate weight or effect. The practice, on the contrary, which was authorized by the Revised Statutes and must have been intended, on account of the identity of its provisions, to be continued by the Code, was to present affidavits as the foundation of the application when the objection designed to be made did not arise upon the submission or the award itself. The objection would ordinarily so arise in applications to modify or correct an award. And so it would, where it might be that the arbitrators exceeded their powers or had imperfectly executed them.

But where the objection intended to be made is dependent upon the first, second and third subdivisions of section 2374 of the Code or of the same subdivisions of section 10 of this part of the Revised Statutes, these affidavits would become necessary to establish the facts upon which it is destined to be presented. And either of the grounds, upon the authority so given to vacate the award, would be regularly and completely shown by affidavits. That was the course of practice followed before the re-enactment of these provisions in the Code, and under it the making and service of a case was considered to be improper. (*Ketcham* v. *Woodruff*, 24 Barb., 147; *Dibble* v. *Camp*, 60 Id., 150.)

And as the provisions of the Code upon those subjects still remain substantially identical with those of the Revised Statutes, it must have been contemplated that the same settled course of practice should still be followed. And that this was the intention of the codification made is also positively evinced by section 2376 of the Code. For the proceeding provided to vacate, modify or correct an

award is that of a motion, notice of which has been required to be served as prescribed by law for the service of notice of motion, within three months after the award is filed or delivered. This made the proceeding to be taken that of a mere motion conformable in its practice to other non-enumerated motions made in court. And to support such a motion the affidavits or papers upon which it is intended to be founded, are required to accompany the notice. The provisions contained in section 2381 of the Code in no manner enlarge this construction. For they merely allow an appeal to be taken from an order vacating an award or from a judgment entered upon it, and to review either the order or judgment, a case has not been declared to be necessary. On the other hand, by section 2379, the papers which are to form the judgment roll are enumerated and specified and do not include a case. Neither do these provisions require the motion papers used upon an application to vacate an award to form a portion of the judgment roll. But the affidavit or other papers used upon an application to confirm, modify or correct an award are made a part of the judgment roll. In this respect, the provisions of the Code are not as broad as those contained in the Revised Statutes. For the latter declared that copies of the original affidavits upon which any application in relation to the award should be founded, and of all other affidavits and papers relating to such application, should be annexed to and form a part of and be returned with the record of the judgment upon any writ of error issued to review the judgment. (3 R. S. [6th ed.], 845, § 17.) But this change was not designed to deprive a party of the right to review an order denying a motion to vacate or set aside an award. The proceedings required to be taken by motion for this purpose would practically be what is called a special proceeding, and from the order entered upon its determination an appeal can be taken under the authority of section 1356 of the Code. Its provisions are clearly broad enough to authorize such an appeal, for by section 1361 they include all special proceedings, except those where it has been prescribed by law that an order cannot be reviewed, and there is no such prohibition made by law concerning such an order. That practice was followed *In the Matter of the First National Bank of the Republic and others* (30 Hun, 29). It is not probable that in the change effected by the Code it

was intended to deprive either party of the substantial right of review before secured over this subject by the Revised Statutes, as it is clearly essential to the attainment of justice in controversies of this description. This language of the Code is not only capable of, but requires to be so construed as to obtain the same end under it, but in a different manner. As section 2381 of the Code has not deprived the parties of this right of review, and it has in effect been given by section 1356, it may well be held in that manner still secured to the parties. But as the first step in the proceeding to obtain relief, where the application is to vacate an award, is that of the service of a notice of motion, the application must in the first instance be made to the Special Term, in which jurisdiction has been vested for the hearing and determination of this class of motions. After the motion has been so heard and determined, then the remedy secured to the party where the application is made to vacate the award under the first three subdivisions of section 2374 of the Code, is that of an appeal from the order. But the omission to make that motion will not deprive the party appealing from the right to review the order confirming the award and the judgment entered upon it. To that extent the appeal has been authorized by section 2381 of the Code, and it must be heard at the General Term upon the papers on which the motion was made at the Special Term. A case forms no part of these papers, and as none can regularly be proposed or made in any proceeding taken to make or review an application concerning an award, it cannot be proposed or served for the purposes of an appeal. But that must be heard and determined upon the same papers as were before the court at the time when the order was made or the judgment was authorized from which the appeal has been taken. These papers, and only these, should be printed and served under the rule. That has not been done. In that respect the appellant is in default, and the appeal should be dismissed with costs unless within twenty days after notice of the order to be entered the appellant shall print and serve these papers. But as the practice seems to have been misunderstood, no costs will be allowed.

DAVIS, P. J., and BRADY, J., concurred.

So ordered.